Fernando F. Chavez, Esq. SBN 86902
CHAVEZ LAW GROUP
1300 West Beverly Blvd.,
Montebello, Ca 90640
Phone: (323) 500-1002, Facsimile: (408) 971-0117
E-mail: ffchavez1530@gmail.com

Attorney for Plaintiffs

## UNITED STATES FEDERAL DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Heirs of the Estate of ARTEMIO MARTINEZ RESENDIZ, deceased, by and through GUADALUPE RESENDIZ, and REGULO MARTINEZ, successors in interest to Artemio Martinez Resendiz,<br><br>        Plaintiffs,<br><br>    v.<br><br>COUNTY OF MONTEREY; SHERIFF SCOTT MILLER, in his individual and official capacity; CALIFORNIA FORENSIC MEDICAL GROUP, TAYLOR FITHIAN, in his individual capacity; DAVID HARNESS, in his individual capacity; LOLA BAYER, in her individual capacity; ELIUD R. GARCIA, in his individual capacity; and Does 1 to 30.<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Failure to Provide Medical Care in Violation of Fourth, Eighth and Fourteenth Amendment;<br>2. Failure to Protect from Harm in Violation of Fourteenth Amendment;<br>3. Deprivation of Substantive Due Process in Violation of First and Fourteenth Amendments;<br>4. Medical Malpractice;<br>5. Failure to Furnish Medical Care;<br>6. Negligent Supervision, Training, Hiring, and Retention;<br>7. Wrongful Death.<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.    On November 12, 2013, at 5:02 p.m., Artemio Martinez Resendiz (Mr. Resendiz) died in the Intensive Care Unit at Natividad Medical Center, in Monterey County, California. He had been transported to the hospital two days before on November 10, 2013 from the Monterey County Jail where he has been incarcerated for at least 4 months.

**COMPLAINT FOR DAMAGES**

2.     On November 10, before his transport to the hospital, Mr. Resendiz was found in his cell unresponsive and sitting in his own feces and urine.  After transport to the hospital, Mr. Resendiz went into cardiac arrest four times, was put on a respirator and never regained consciousness.

3.     Defendants are California municipalities, Sheriffs' departments, health care providers, and their employees. Each Defendant entity had multiple contacts with Martinez in the days before his death. Had Defendants followed standard protocols and training, they would have identified Martinez's acute health crisis and risk factors, and intervened to treat him. However, Defendants did not have the appropriate policies and procedures in place, and ignored the obvious warning signs. As a result, Plaintiffs lost their loved one.

4.     The Estate of ARTEMIO MARTINEZ RESENDIZ and Artemio Resendiz Martinez's mother, Guadalupe Resendiz and father, Regulo Martinez, as successors in interest, bring this action for damages against Defendants for violations arising out of Defendants' deliberate indifference and negligence that caused the needless suffering and death of Artemio Martinez Resendiz.

## JURISDICTION

5.     This Complaint seeks damages for violations of the civil rights, privileges, and immunities guaranteed by the First, Fourth, Eighth  and Fourteenth Amendments of the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988, and for violations of California state law.

6.     This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §§ 1331 and 1343.

7.     This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367, because the claims form part of the same case or controversy arising under the United States Constitution and federal law.

## VENUE

8.     Plaintiffs' claims arose in the County of Monterey, California. Venue therefore lies in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2).

9.     Rule 3 of the Federal Rules of Civil Procedure and Local Rule 3-2(e) authorizes assignment to this division because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the county served by this division.

## PARTIES

**COMPLAINT FOR DAMAGES**

10.   Estate of ARTEMIO MARTINEZ RESENDIZ by Plaintiff Guadalupe Resendiz and Plaintiff Regulo Martinez, as successors in interest to Decedent Artemio Martinez Resendiz, brings this action pursuant to California Code of Civil Procedure §§ 377.10 et seq.

11.   At the time of his death, Artemio Resendiz Martinez was a 42-year-old and a resident of the County of Monterey in the State of California. The survival causes of action in this matter are based on violations of Artemio Martinez Resendiz's rights under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and on violations of California state law.

12.   Guadalupe Resendiz is the mother of Artemio Martinez Resendiz. She is suing individually for violations of civil rights under the First, Fourth, Eighth and Fourteenth Amendments and California state law.  Guagalupe Resendiz is a resident of Monterey County California.

13.   Regulo Martinez is the father of Artemio Martinez Resendiz. He is suing individually for violations of civil rights under the First, Fourth, Eighth and Fourteenth Amendments and California state law.  Regulo Martinez is a resident of Monterey County, California.

14.   Defendant County of Monterey is a public entity, duly organized and existing under the laws of the State of California. Under its authority, Defendant County of Monterey operates and manages Monterey County Jail and is and was at all relevant times mentioned herein responsible for the actions and/or inactions and the policies, procedures, and practices/customs of the Monterey County Sheriff's Department and Monterey County Jail, and each entity's respective employees and/or agents. Monterey County Sheriff's Department operates Monterey County Jail, and is and was responsible for ensuring the provision of emergency and medical and mental health care services to all Monterey County Jail inmates.

15.   Defendant Scott Miller is, and was at all relevant times mentioned herein, the Sheriff of the County of Monterey, the highest position in the San Mateo County Sheriff's Department. As Sheriff, Defendant Miller is and was responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and control of all San Mateo Sheriff's Department custodial employees and/or agents and Does 11 through 20. Defendant Miller is and was charged by law with the administration of the Monterey County Jail, with the assistance of a small group of executive officers. Defendant Miller also is and was responsible for the promulgation of the policies and procedures and allowance of the practices/customs

**COMPLAINT FOR DAMAGES**

pursuant to which the acts of the Monterey County Sheriff's Department alleged herein were committed. Defendant Miller is being sued in his individual and official capacities.

16.    Defendant California Forensic Medical Group ("CFMG") is a California corporation headquartered in Monterey, California. CFMG is a private correctional health care provider that services approximately 65 correctional facilities in 27 California counties. The County of Monterey contracts with CFMG to provide medical, mental health, and dental services for the Monterey County Jail. At all relevant times mentioned herein, CFMG was responsible for the health services provided to Artemio Martinez Resendiz during his detention in the Monterey County Jail.

17.    Defendant Taylor Fithian is, and was at all relevant times mentioned herein, the co-founder, President, and Medical Director for Defendant CFMG. Defendant Fithian is a Board-certified psychiatrist and oversees the delivery of medical, mental health and dental care in all CFMG-served facilities, including standards of medical care and utilization review. Defendant Fithian is and was responsible for the promulgation of the policies and procedures and allowance of the practices/customs pursuant to which the acts of CFMG alleged herein were committed. Defendant Fithian is sued in his individual capacity.

18.    Defendant David Harness is, and was at all relevant times mentioned herein, the Program Director responsible for overseeing the delivery of medical, mental health and dental care in all CFMG-served facilities, including standards of medical care and utilization review. Defendant Harness is and was responsible for the implementation of the policies and procedures and allowance of the practices/customs pursuant to which the acts of CFMG alleged herein were committed. Defendant Harness is sued in his individual capacity.

19.    Defendant Lola Bayer is, and was at all relevant times mentioned herein, the Nursing Supervisor at the Monterey County Jail, employed by CFMG, and responsible for overseeing the delivery of medical, mental health and dental care in all CFMG-served facilities, including standards of medical care and utilization review. Defendant Bayer is and was responsible for the implementation of the policies and procedures and allowance of the practices/customs pursuant to which the acts of CFMG alleged herein were committed. Defendant Bayer is sued in her individual capacity.

20.    Defendant Eliud R. Garcia, MD, is, and was at all relevant times mentioned herein, the Medical Director for Defendant CFMG at the Monterey County Jail. Defendant Garcia

**COMPLAINT FOR DAMAGES**

oversees the delivery of medical, mental health and dental care in all CFMG-served facilities, including standards of medical care and utilization review. Defendant Gracia is and was responsible for the promulgation and/or implementation of the policies and procedures and allowance of the practices/customs pursuant to which the acts of CFMG alleged herein were committed. Defendant Garcia is sued in his individual capacity.

21.   The true names and identities of Defendants Does 1 through 30 are presently unknown to Plaintiffs. Plaintiffs allege that each of Defendants Does 1 through 30 was employed by County of Monterey, and/or the Monterey County Sheriff's Department, and/or California Forensic Medical Group at the time of the conduct alleged herein. Plaintiffs allege that each of Defendants Does 1 through 30 was deliberately indifferent to Decedent Artemio Martinez Resendiz's medical needs and safety, failed to provide necessary medical care to him or take other measures to prevent his suffering and death, violated his civil rights, wrongfully caused his death, and/or encouraged, directed, enabled and/or ordered other defendants to engage in such conduct. Plaintiffs further allege that Defendants Does 1 through 30 violated Plaintiffs' First, Fourth, Eighth and Fourteenth Amendment rights, and rights under California state law. Plaintiffs further allege that each of Defendants Does 1 through 30 was responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and control of medical, mental health, and jail custody employees and/or agents involved in the conduct alleged herein.

22.   Plaintiffs will seek to amend this Complaint as soon as the true names and identities of Defendants Does 1 through 30 have been ascertained.

23.   Defendants Scott Miller, David Harness, Lola Bayer, Taylor Fithian, Eliud R.Garcia and Does 1 through 30 engaged in the acts or omissions alleged herein under color of state law.

24.   Plaintiffs are informed and believe and thereon allege that at all times mentioned in this Complaint, Defendants were the agents, employees, servants, joint ventures, partners and/or co-conspirators of the other Defendants named in this Complaint and that at all times, each of the Defendants was acting within the course and scope of said relationship with Defendants.

**EXHUASTION OF PRE-LAWSUIT PROCEDURES FOR STATE LAW CLAIMS**

25.   Plaintiffs filed governmental tort claims with the State and Defendant County of Monterey, including on behalf of the Estate of Artemio Matrtinez Resendiz on May 9, 2014.

**COMPLAINT FOR DAMAGES**

By correspondence dated June 18, 2014, the County of Monterey rejected the governmental tort claims on behalf of Artemio Martinez Resendiz.

## FACTUAL ALLEGATIONS

### I. History of Inadequate Health Care in Monterey County Jail

26.    County of Monterey and CFMG have been on notice that their provision of health care to inmates at the Monterey County Jail is inadequate and results in needless harm since at least 2007, when the Monterey County Sheriff's Office and the Monterey County Board of Supervisors hired an outside consulting firm to perform a needs assessment for the Jail.

27.    A subsequent Monterey County Jail Health Care Evaluation was performed in October of 2013 and found County of Monterey and CFMG's policies and practices for screening, supervising, and treating prisoners inadequate.

28.    The 2013 Evaluation identified numerous inadequate policies and procedures including those pertinent to the present claims:

        a.   Triaging of Complaints

        b.   Emergency Services

        c.   Preparation of Medication Prior to Administration

        d.   Medication Administration

        e.   Individualized Treatment Plans

        f.   Treatment of Chronic Illness

        g.   Health Records

        h.   Clinic Space, Equipment, and Supplies

29.    In addition to the Jail's policy and procedure issues the Evaluation found that chronic understaffing hinders County of Monterey's ability to provide medical care, finding that the health care services program is struggling to provide adequate services, i.e., as of the time of this report (November 2013) it is not performing at an adequate level.

30.    County of Monterey's failures to timely identify, adequately treat, or effectively monitor prisoners with chronic illnesses such as diabetes mellitus have had tragic consequences.

### II. Artemio Martinez Resendiz's Detention and Death

31.    Artemio Martinez Resendiz was born in September 20, 1971 and was 42 years of age at the time of his death. Two days before his death, Mr. Resendiz was in the custody of the Monterey County Sheriff's Department in the Monterey County Jail.

**COMPLAINT FOR DAMAGES**

32.   On information and belief, Monterey County Jail and CFMG were aware of Mr. Resendiz's serious medical condition associated with his diabetes mellitus, as he was being treated for this condition while incarcerated at the Monterey County Jail since his confinement at least as early as June of 2013.

33.   On information and belief, on November 9, Mr. Resendiz was transported to the jail infirmary with flu like symptoms and irregularities in his blood glucose levels.

34.   On November 10th, Mr. Resendiz was found sitting in his own feces and urine, apparently unresponsive.  He was transported to Natividad Medical Center Emergency Room where he was found to be unresponsive, hypotensive, in severe metabolic acidosis with renal failure.

35.   The severe lactic acidosis with acute renal failure resulted in cardiac arrests.

36.   After suffering repeated cardiac arrest, he was diagnosed with anoxic brain injury.

37.   He died two days after admission on November 12, 2013.

38.   The jail personnel and medical staff were aware of Mr. Resendiz's serious medical needs, including the acute medical needs on November 9, 2013, and were negligent and/or deliberately indifferent in summoning and/or providing timely medical care for Mr. Resendiz's serious medical needs and as a consequence, Mr. Resendiz suffered a serious injury at the Monterey County Jail that resulted in his death at Natividad Medical Center on November 12, 2013.

## FIRST CLAIM FOR RELIEF

**Deliberate Indifference to Serious Medical Health Needs in Violation of the Fourteenth Amendment to the Constitution of the United States (Survival Action – 42 U.S.C. § 1983) (Against Defendants, County of Monterey, Scott Miller, California Forensic Medical Group, David Harness, Lola Bayer, Taylor Fithian, Eliud R. Garcia and Does 1 through 30)**

39.   Plaintiffs re-allege and incorporate by reference paragraphs 1 through 38 as though fully set forth herein.

40.   Defendants have inadequate policies, procedures, and practices for identifying inmates in need of medical treatment and providing appropriate medical health treatment. Defendants also fail to appropriately train and supervise staff regarding the provision of treatment to inmates with medical health issues.

**COMPLAINT FOR DAMAGES**

41.   Defendants have consistently failed to meet their constitutional obligation to provide adequate health care to prisoners in their jails. The health care provided by Defendants to prisoners in their jails is woefully inadequate and falls far short of all of the minimum elements of a constitutional health care system. Defendants' failure to correct their policies, procedures, and practices, despite notice of significant and dangerous problems, evidences deliberate indifference in the provision of health treatment.

42.   Defendants knew or should have known that there was a strong likelihood that Mr. Resendiz's uncontrolled diabetes mellitus posed a serious risk of harm and death to him if not properly and timely treated.

43.   Defendants failed to provide necessary medical evaluation and treatment to Artemio Martinez Resendiz while he was held at the Monterey County Jail, despite his history of serious illness and obvious symptoms of acute diabetic crisis.

44.   Defendants' acts and/or omissions as alleged herein, including but not limited to their failure to provide Artemio Martinez Resendiz with appropriate medical care, along with the acts and/or omissions of the Defendants in failing to train, supervise and/or promulgate appropriate policies and procedures in order to identify serious health risk and provide treatment, constituted deliberate indifference to Artemio Martinez Resendiz's serious medical needs, health and safety.

45.   As a direct and proximate result of Defendants' conduct, Artemio Martinez Resendiz experienced physical pain, severe emotional distress, and mental anguish over a period of several days, as well as loss of his life and other damages alleged herein.

46.   The aforementioned acts of Defendants were willful, wanton, malicious, and oppressive, thereby justifying an award to Plaintiff of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## SECOND CLAIM FOR RELIEF

**Failure to Protect from Harm in Violation of the Fourteenth Amendment to the Constitution of the United States (Survival Action – 42 U.S.C. § 1983)**

**(Against Defendants, County of Monterey, Scott Miller, California Forensic Medical Group, David Harness, Lola Bayer, Taylor Fithian, Eliud R. Garcia and Does 1 through 30)**

**COMPLAINT FOR DAMAGES**

47.   Plaintiffs re-allege and incorporate by reference paragraphs 1 through 46 as though fully set forth herein.

48.   Each Defendant could have taken action to prevent unnecessary harm to Artemio Martinez Resendiz, but refused or failed to do so.

49.   County Defendants failed to implement minimally sufficient policies and procedures to protect inmates from harm associated with chronic illness that could result in acute critical health issues if not properly treated.

50.   County Defendants failed to appropriately train and supervise staff regarding identification and handling of detainees at risk of diabetic crisis. With respect to Artemio Martinez Resendiz, County Defendants failed to follow even their own procedures to identify, house, and monitor detainees at risk of diabetic crisis.

51.   Defendants' acts and/or omissions as alleged herein, including but not limited to their failure to take appropriate measures to treat Artemio Martinez Resendiz's acute diabetic crisis, along with the acts and/or omissions of the Defendants in failing to train, supervise and/or promulgate appropriate policies and procedures in order to prevent harm to Artemio Martinez Resendiz from harm, constituted deliberate indifference to Artemio Martinez Resendiz's serious medical needs, health, and safety.

52.   As a direct and proximate result of Defendants' conduct, Artemio Martinez Resendiz experienced physical pain, severe emotional distress, and mental anguish over a period of several days, as well as loss of his life and other damages alleged herein.

53.   The aforementioned acts of Defendants were willful, wanton, malicious, and oppressive, thereby justifying an award to Plaintiffs of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future.

**THIRD CLAIM FOR RELIEF**

**Deprivation of Substantive Due Process Rights in Violation of First, and Fourteenth Amendments to the Constitution of the United States – Loss of Parent/Child Relationship (42 U.S.C. § 1983)**

**(Against Defendants, County of Monterey, Scott Miller, California Forensic Medical Group, David Harness, Lola Bayer, Taylor Fithian, Eliud R. Garcia and Does 1 through 30)**

**COMPLAINT FOR DAMAGES**

54.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 53 as though fully set forth herein.

55.    The aforementioned acts and/or omissions of Defendants in being deliberatively indifferent to Artemio Martinez Resendiz's serious medical needs, health and safety, violating Artemio Martinez Resendiz's constitutional rights guaranteed by the Fourth, Eighth and Fourteenth Amendments, and their failure to train, supervise, and/or take other appropriate measures to prevent the acts and/or omissions that caused the untimely and wrongful death of Artemio Martinez Resendiz deprived Plaintiff Guadalupe Resendiz and Plaintiff Regulo Martinez of their liberty interest in the parent-child relationship in violation of their substantive due process rights as defined by the First and Fourteenth Amendments to the United States Constitution.

56.    As a direct and proximate result of the aforementioned acts and/or omissions of Defendants, Plaintiffs suffered injuries and damages as alleged herein.

57.    The aforementioned acts and/or omissions of the individually named Defendants were willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future.

**FOURTH CLAIM FOR RELIEF**

**Professional Negligence / Medical Malpractice (Survival Actions – California State Law)**
**(Against Defendants, County of Monterey, Scott Miller, California Forensic Medical**
**Group, David Harness, Lola Bayer, Taylor Fithian, Eliud R. Garcia and**
**Does 1 through 30)**

58.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 57 as though fully set forth herein.

59.    Defendants failed to comply with professional standards in the treatment of Artemio Martinez Resendiz's serious diabetic illness by failing to appropriately assess and evaluate his diabetic health and risk of diabetic crisis, failing to take appropriate and timely steps to treat his diabetic condition in light of existing complicating circumstances, and failing to prescribe or provide appropriate and necessary medications and supportive therapy to address his dehydration and diabetic crisis.

**COMPLAINT FOR DAMAGES**

60.    Defendants also failed to appropriately supervise, review, and ensure the competence of medical staff's and custody staff's provision of treatment to Artemio Martinez Resendiz, and failed to enact appropriate standards and procedures that would have prevented such harm to him.

61.    As a direct and proximate cause of this negligence and failure to meet the professional standards of care, Artemio Martinez Resendiz and Plaintiff Guadalupe Resendiz and Plaintiff Regulo Martinez suffered injuries and damages as alleged herein.

62.    The negligent conduct of Defendants was committed within the course and scope of their employment.

63.    The aforementioned acts of Defendants were willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future.

### FIFTH CLAIM FOR RELIEF

**Failure to Furnish / Summon Medical Care (Survival Action – California State Law)**

**(Against Defendants, County of Monterey, Scott Miller, California Forensic Medical Group, David Harness, Lola Bayer, Taylor Fithian, Eliud R. Garcia and Does 1 through 30)**

64.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 63 as though fully set forth herein.

65.    Defendants owed Artemio Martinez Resendiz a duty of care to provide him immediate medical health care for his serious medical condition.

66.    The conduct of Defendants alleged herein, including but not limited to the facts that Defendants knew or had reason to know that Artemio Martinez Resendiz was in need of immediate medical care and that Defendants failed to take reasonable action to summon or provide that care, resulting in Artemio Martinez Resendiz's death as alleged herein, violated California state law, including Cal. Govt. Code §§ 844.6 and 845.6.

67.    Defendants also failed to timely and appropriately respond to Artemio Martinez Resendiz's obvious diabetic crisis.

68.    The alleged conduct of Defendants was committed within the course and scope of their employment.

69.   As a direct and proximate result of Defendants' breach, Artemio Martinez Resendiz was harmed, suffered pain and disease leading to his death, and Plaintiff Guadalupe Resendiz and Plaintiff Regulo Martinez suffered resulting damages, as alleged herein.

70.   The aforementioned acts of Defendants were willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## SIXTH CLAIM FOR RELIEF

### Negligent Supervision, Training, Hiring, and Retention (Survival Action – California State Law)

### (Against Defendants County of Monterey, Scott Miller, California Forensic Medical Group, David Harness, Lola Bayer, Taylor Fithian, Eliud R. Garcia and Does 1 through 30)

71.   Plaintiffs re-allege and incorporate by reference paragraphs 1 through 70, as though fully set forth herein.

72.   Defendants had a duty to hire, supervise, train, and retain employees and/or agents so that employees and/or agents refrain from the conduct and/or omissions alleged herein.

73.   Defendants breached this duty, causing the conduct alleged herein. Such breach constituted negligent hiring, supervision, training, and retention under the laws of the State of California.

74.   As a direct and proximate result of Defendants' failures as set out in this Claim, Artemio Martinez Resendiz was injured and died and Plaintiff Guadalupe Resendiz and Plaintiff Regulo Martinez suffered injuries and damages as alleged herein.

## SEVENTH CLAIM FOR RELIEF

### Wrongful Death – California Code Civ. Proc. § 377.60

### (Against Defendants County of Monterey, Scott Miller, California Forensic Medical Group, David Harness, Lola Bayer, Taylor Fithian, Eliud R. Garcia and Does 1 through 30)

75.   Plaintiffs re-allege and incorporate by reference paragraphs 1 through 74, as though fully set forth herein.

76.   Artemio Martinez Resendiz's death was a direct and proximate result of the aforementioned wrongful and/or negligent acts and/or omissions of Defendants. Defendants'

**COMPLAINT FOR DAMAGES**

acts and/or omissions thus were also a direct and proximate cause of Plaintiffs' injuries and damages, as alleged herein.

77.   As a direct and proximate result of Defendants' wrongful and/or negligent acts and/or omissions, Plaintiffs incurred expenses for funeral and burial expenses in an amount to be proved.

78.   As a direct and proximate result of Defendants' wrongful and/or negligent acts and/or omissions, Plaintiffs suffered the loss of the services, society, care, and protection of the decedent, as well as the loss of the present value of his future services to his mother and father. Plaintiffs are further entitled to recover prejudgment interest.

79.   Plaintiff Estate of Artemio Martinez Resendiz is entitled to recover punitive damages against individual Defendants who, with conscious disregard of Artemio Martinez Resendiz's rights, failed to provide Artemio Martinez Resendiz with medical treatment meeting the professional standard of practice.

80.   The aforementioned acts of Defendants were willful, wanton, malicious, and oppressive, thereby justifying an award to Plaintiff of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

1.   For compensatory, general and special damages against each Defendant, jointly and severally, in an amount to be proven at trial;

2.   For damages related to loss of familial relations as to Plaintiff Guadalupe Resendiz;

3.   For damages related to loss of familial relations as to Plaintiff Regulo Martinez;

4.   Funeral and burial expenses, and incidental expenses not yet fully ascertained;

5.   General damages, including damages for physical and emotional pain, emotional distress, hardship, suffering, shock, worry, anxiety, sleeplessness, illness and trauma and suffering, the loss of the services, society, care and protection of the decedent, as well as the loss of financial support and contributions, loss of the present value of future services and contributions, and loss of economic security;

6.   Prejudgment interest;

**COMPLAINT FOR DAMAGES**

7.  For punitive and exemplary damages against each individually named Defendant in an amount appropriate to punish Defendant(s) and deter others from engaging in similar misconduct;

8.  For costs of suit and reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and as otherwise authorized by statute or law;

9.  For restitution as the court deems just and proper; and

10. For such other relief, including injunctive and/or declaratory relief, as the Court may deem proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial by jury in this action.

Dated: December 16th, 2014.          Respectfully Submitted,

                                     CHAVEZ LAW GROUP


                                     /s/ Fernando F. Chavez
                                     FERNANDO F. CHAVEZ SBN 86902
                                     1300 West Beverly Blvd.,
                                     Montebello, Ca 90640
                                     Phone: (323) 500-1002
                                     Facsimile: (408) 971-0117
                                     E-mail:   ffchavez1530@gmail.com

                                     Attorney for Plaintiffs

**COMPLAINT FOR DAMAGES**