United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GUADALUPE RESENDIZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY, et al.,<br>Defendants. | Case No.14-CV-05495-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 22 |

Plaintiffs Guadalupe Resendiz and Regulo Martinez (collectively, "Plaintiffs"), successors in interest to Artemio Martinez Resendiz ("Decedent"), allege that Defendants County of Monterey, Scott Miller, California Forensic Medical Group, Taylor Fithian, Eluid Garcia, and David Harness are liable under federal and state law for the death of Decedent, Plaintiffs' son. Before the Court is Defendants County of Monterey's ("County") and Scott Miller's ("Miller") (collectively, "Defendants") motion to dismiss. ECF No. 22. Pursuant to Civil Local Rule 7−1(b), the Court finds this motion suitable for decision without oral argument and hereby VACATES the hearing set for July 2, 2015, at 1:30 p.m. The 1:30 p.m. July 2, 2015 case management conference remains as set. Having considered the parties' submissions, the relevant law, and the record in this case, the Court hereby GRANTS Defendants' motion to dismiss.

1

Case No.14-CV-05495-LHK
ORDER GRANTING MOTION TO DISMISS

## I. BACKGROUND

### A. Factual Background

Plaintiffs bring this action as successors in interest to Decedent Artemio Martinez Resendiz. Compl. ¶ 10. Plaintiff Guadalupe Resendiz is Decedent's mother and a resident of Monterey County, California. *Id.* ¶ 12. Plaintiff Regulo Martinez is Decedent's father and a resident of Monterey County, California. *Id.* ¶ 13.

Defendant County of Monterey ("County") is a public entity organized under California law. *Id.* ¶ 14. According to Plaintiffs, the County operates and manages Monterey County Jail. *Id.* Defendant Scott Miller is the Sheriff of the County of Monterey, the "highest position in the San Mateo [sic] County Sheriff's Department."[1] *Id.* ¶ 15. The County of Monterey contracts with Defendant California Forensic Medical Group ("CFMG") to provide medical, mental health, and dental services for the Monterey County Jail. *Id.* ¶ 16. Defendant CFMG is a California corporation headquartered in Monterey, California. *Id.* ¶ 16. Defendant Taylor Fithian is the co-founder, President, and Medical Director for Defendant CFMG. *Id.* ¶ 17. Defendant David Harness is the Program Director for Defendant CFMG. Defendant Lola Bayer is the nursing supervisor at the Monterey County Jail and is employed by Defendant CFMG. *Id.* ¶ 19. Defendant Eliud Garcia is the Medical Director for Defendant CFMG at the Monterey County Jail. *Id* ¶ 20.

Decedent was in the custody of the Monterey County Sheriff's Department prior to his death on November 12, 2013. *Id.* ¶¶ 31, 37. Plaintiffs allege on information and belief that Decedent was transported to the Monterey County Jail infirmary on November 9, 2013, with "flu like symptoms and irregularities in his blood glucose levels." *Id.* ¶ 33. Plaintiffs allege that Monterey County Jail and CFMG were aware that Decedent suffered from diabetes mellitus. *Id*. ¶ 32. On November 10, 2013, Decedent was "found sitting in his own feces and urine, apparently unresponsive." *Id.* ¶ 34. At that point, Decedent "was transported to Natividad Medical Center Emergency Room where he was found to be unresponsive, hypotensive, [and] in severe metabolic

---

[1] The Court assumes that Plaintiffs intended to state the "highest position in the Monterey County Sheriff's Department."

2
Case No.14-CV-05495-LHK
ORDER GRANTING MOTION TO DISMISS

acidosis with renal failure." *Id.* ¶ 34. According to Plaintiffs, the "severe lactic acidosis with acute renal failure resulted in cardiac arrests," and after Decedent suffered repeated cardiac arrest, Decedent was diagnosed with "anoxic brain injury." *Id.* ¶¶ 35, 36. Decedent died on November 12, 2013.

According to Plaintiffs, jail personnel and medical staff were "aware of [Decedent's] serious medical needs" resulting from Decedent's diabetes mellitus as Decedent "was being treated for this condition while incarcerated at the Monterey County Jail since [Decedent's] confinement at least as least as early as June of 2013." *Id.* ¶ 32.

Plaintiffs further allege that Defendants County and CFMG "have been on notice" that Defendants' provision of healthcare to inmates at the County Jail is "inadequate and results in needless harm" since at least 2007 when the Monterey County Sheriff's Office and Monterey County Board of Supervisors "hired an outside consulting firm to perform a needs assessment for the Jail." *Id.* ¶ 26. Plaintiffs also allege that an October 2013 Monterey County Jail Health Care Evaluation ("2013 Evaluation") "found County of Monterey and CFMG's policies and practices for screening, supervising, and treating prisoners inadequate." *Id.* ¶ 27. More specifically, the 2013 Evaluation apparently identified "numerous inadequate policies and procedures" including:

      a. Triaging of Complaints

      b. Emergency Services

      c. Preparation of Medication Prior to Administration

      d. Medication Administration

      e. Individualized Treatment Plans

      f. Treatment of Chronic Illness

      g. Health Records

      h. Clinic Space, Equipment, and Supplies

*Id.* ¶ 28. The 2013 Evaluation also allegedly "found that chronic understaffing hinders [Defendants'] ability to provide medical care." *Id.* ¶ 28.

**B. Procedural History**

Plaintiffs filed their complaint on December 16, 2014. ECF No. 1. Defendants County and Miller filed the instant motion to dismiss on February 27, 2015. ECF No. 22. Plaintiffs filed an opposition on March 13, 2015, ECF No. 28, and Defendants filed a reply on March 18, 2015, ECF No. 30.

Defendants CFMG, Fithian, Garcia, and Harness filed a motion to dismiss on March 6, 2015. Plaintiff filed an opposition on April 17, 2015, and Defendants filed a reply on May 29, 2015, ECF No. 35. The Court addresses the motion to dismiss filed by Defendants CFMG, Fithian, Garcia, and Harness in a separate order.

## II.  LEGAL STANDARD

### A. Motion to Dismiss Under Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

However, a court need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and the "[C]ourt may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6)

motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor is the court required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678. Furthermore, "a plaintiff may plead herself out of court" if she "plead[s] facts which establish that [s]he cannot prevail on h[er] . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (internal quotation marks omitted).

### B. Leave to Amend

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," bearing in mind that "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Furthermore, the Court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party. . . , [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### III. DISCUSSION

While Defendants initially appeared to dispute whether Plaintiffs had alleged sufficient facts to show causation under Plaintiffs' federal § 1983 claims, Defendants' reply expressly states that Defendants "did not move to dismiss the first three causes of action by Plaintiffs." *See* Reply at 2. The Court therefore addresses Defendants' motion only with respect to Plaintiffs' remaining four causes of action based on various California statutes: (1) professional negligence/medical malpractice; (2) failure to furnish/summon medical care; (3) negligent supervision, training, hiring, and retention; and (4) wrongful death under Cal. Code Civ. P. § 377.60. The Court addresses each cause of action below.

Additionally, Defendant County moves to dismiss any claim by Plaintiffs for punitive damages against the County. Plaintiffs clarify that they "do not seek and have not sought punitive damages against Defendant County" and concede that punitive damages are not recoverable against Defendant County under Plaintiffs' state law claims. *See* Opp. at 5 (citing *Kizer v. Cnty. of San Mateo*, 53 Cal. 3d 139, 145 (1991) (in bank); Cal. Gov't Code § 818).

### A. Professional Negligence/Medical Malpractice

In Plaintiffs' fourth claim for relief, Plaintiffs contend that Defendants are liable for professional negligence and/or medical malpractice because:

> Defendants failed to comply with professional standards in the treatment of [Decedent's] serious diabetic illness by failing to appropriately assess and evaluate his diabetic health and risk of diabetic crisis, failing to take appropriate and timely steps to treat his diabetic condition in light of existing complicating circumstances, and failing to prescribe or provide appropriate and necessary medications and supportive therapy to address his dehydration and diabetic crisis.

Compl. ¶ 59. Plaintiffs further contend that Defendants "failed to appropriately supervise, review, and ensure the competence of medical staff's and custody staff's provision of treatment" to Decedent and failed to "enact appropriate standards and procedures" that would have prevented Decedent's death. *Id.* ¶ 60.

As a general matter, under California law, a plaintiff pleading medical malpractice must

establish: "'(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence.'" *Hanson v. Grode*, 76 Cal. App. 4th 601, 606 (Ct. App. 1999) (quoting *Gami v. Mullikin Medical Center*, 18 Cal. App. 4th 870, 877 (Ct. App. 1993)).

In addition to pleading the elements of malpractice, Plaintiffs must also show a statutory basis for holding Defendant County liable. Under California law, public entities are not liable "[e]xcept as otherwise provided by statute." Cal. Gov't Code § 815; *see also State Dep't of State Hosps. v. Sup. Ct.*, ---P.3d---, No. S215132, 2015 WL 3451562, at *3 (Cal. June 1, 2015) (discussing the Government Claims Act, which "sets out a comprehensive scheme of governmental liability and immunity statutes"). In addition to that general immunity for public entities, Cal. Gov't Code § 844.6 further provides that public entities are immune to suits for injuries to prisoners, subject to certain exceptions.[2] The only exception to Cal. Gov't Code § 844.6 applicable to the instant case is Cal. Gov't Code § 845.6, which provides an exception for when a public employee, acting within the scope of his or her employment, fails to summon medical care for a prisoner, and the employee knows or has reason to know that the need for medical care is immediate.

However, § 845.6's limited exception for failure to summon immediate medical care does not provide a basis to bring malpractice or negligence suits against a public entity. "[A] violation of section 845.6 and medical malpractice are different causes of action." *Castaneda v. Dep't of Corrs. & Rehabilitation*, 212 Cal. App. 4th 1051, 1061 (Ct. App. 2013). "Section 845.6 is very narrowly written to authorize a cause of action against a public entity for its employees' failure to summon immediate medical care only, not for certain employee's malpractice in providing that

---

[2] The other exceptions are Cal. Gov't Code §§ 814 and 814.2 (liability based on contract and worker's compensation); § 845.4 (interference with right of prisoner to seek judicial review of legality of confinement); and Penal Code §§ 4900–4906 (compensation for erroneous conviction). *See* Cal. Gov't Code § 844.6, Legislative Committee Comments, 1970 Amendment.

7
Case No.14-CV-05495-LHK
ORDER GRANTING MOTION TO DISMISS

care." *Id.* at 1070. Thus, this limited exception does not enable Plaintiffs to sue Defendant County for medical malpractice or professional negligence.

Here, Defendants move to dismiss Plaintiffs' professional negligence/medical malpractice claim on statutory immunity grounds. As a threshold matter, the Court notes that the parties do not appear to dispute that Defendants County and Miller cannot be held directly liable for medical malpractice or professional negligence under California law, as neither Defendant is a health care provider, and public entities cannot be sued by inmates for medical malpractice.[3] *See* Mot. at 5–6 (citing *Chosak v. Alameda Cnty. Medical Ctr.*, 153 Cal. App. 4th 549, 559 (Ct. App. 2007); Cal. Code Civ. P. § 340.5); Opp. at 11–12; Reply at 2–3; *see also Nelson v. California*, 139 Cal. App. 3d 72, 78 (Ct. App. 1982) (holding that "the State could not be held directly liable for medical malpractice").

As Defendant County is statutorily immune to Plaintiffs' malpractice claim, and Plaintiff concedes that Defendant Miller is not a health care provider and thus cannot be directly liable for medical malpractice, Plaintiffs instead contend that under Cal. Gov't Code § 815.4, Defendants County and Miller can be held liable for any negligence or malpractice committed by Defendant CFMG, an independent contractor that is a health care provider, and CFMG's employees. Cal. Gov't Code § 815.4 provides:

> A public entity is liable for injury proximately caused by a tortious act or omission of an independent contractor of the public entity to the same extent that the public entity would be subject to such liability if it were a private person. Nothing in this section subjects a public entity to liability for the act or omission of an independent contractor if the public entity would not have been liable for the injury had the act or omission been that of an employee of the public entity.

According to Plaintiffs, Defendants County and Miller are therefore liable for the tortious acts of

---

[3] The Court notes that while an inmate may not hold a public entity directly liable for medical malpractice, a public entity may be required to "pay judgments based on malpractice against public employees who are lawfully engaged in the practice of one of the healing arts." *Nelson*, 139 Cal. App. 3d at 78 (citing Cal. Gov't Code § 844.6). Thus, should Plaintiffs be able to state a malpractice claim against a County employee that is "lawfully engaged in the practice of one of the healing arts," the County may ultimately be responsible for paying any judgment notwithstanding the County's immunity under Cal. Gov't Code §§ 844.6 and 845.6.

8
Case No.14-CV-05495-LHK
ORDER GRANTING MOTION TO DISMISS

Defendants CFMG, Fithian, Garcia, and Harness.

As an initial matter, Defendants County and Miller correctly note that Cal. Gov't Code § 815.4 only imposes liability for the acts of independent contractors to the same degree as a public entity would be liable for the acts of a public employee. *See, e.g.*, *McCarty v. Cal. Dep't of Transp*., 164 Cal. App. 4th 955, 977 (Ct. App. 2008). Therefore, in circumstances where a public entity would not be liable for the acts of its employee, Cal. Gov't Code § 815.4 does not operate to broaden the scope of the public entity's liability with respect to independent contractors. To the extent Plaintiffs appear to argue that Cal. Gov't Code § 815.4 creates an independent cause of action against Defendants, Plaintiffs are incorrect as a matter of law. *See, e.g.*, *Von Haar v. City of Mountain View*, No. 10-2995, 2011 WL 782242, at *6 (N.D. Cal. Mar. 1, 2011) (noting other provisions of the Government Claims Act that do not create independent causes of action). Thus, while Plaintiffs may rely on § 815.4 to hold Defendants liable for the actions of the CFMG Defendants, Plaintiffs may only do so if Plaintiffs have identified an independent statutory basis for their claim. For the reasons discussed below, the Court concludes that Plaintiffs' reliance on § 815.4 does not change the fact that § 845.6 grants both Defendant County and Defendant Miller statutory immunity for inmate-injury suits related to the furnishing or obtaining of medical care.

### 1. Defendant County

As to Defendant County, the Court concludes that Plaintiffs cannot bring a claim for medical malpractice or negligence as a matter of law. As discussed above, Cal. Gov't Code § 844.6 establishes the general rule that a public entity cannot be held liable for injuries to prisoners, subject to limited statutory exceptions. There is no exception for medical malpractice or professional negligence. *See Castaneda*, 212 Cal. App. 4th at 1061. As there is no statutory basis for abrogating a public entity's immunity to suits for injuries to prisoners for medical practice or professional negligence claims, Plaintiffs cannot state a claim for medical malpractice or professional negligence against Defendant County. Cal. Gov't Code § 815.4 does not abrogate Defendant County's immunity, and Plaintiffs have failed to identify any other basis under which to hold Defendant County liable for medical malpractice or professional negligence.

9
Case No.14-CV-05495-LHK
ORDER GRANTING MOTION TO DISMISS

1   Accordingly, the Court concludes that Defendant County has statutory immunity to
2   Plaintiffs' medical malpractice and professional negligence claims as a matter of law
3   notwithstanding Plaintiff's vicarious liability argument. Consequently, the Court grants with
4   prejudice Defendant County's motion to dismiss this claim.

### 2. Defendant Miller

Plaintiffs cannot maintain a medical malpractice or professional negligence claim against Defendant Miller. Defendant Miller is not a healthcare professional and cannot be directly liable for medical malpractice. As discussed above, under Cal. Gov't Code §§ 844.6 and 845.6, public entities and public employees are immune for "injur[ies] proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody," with one exception for failure to summon immediate medical care. Plaintiffs appear to argue that Defendant Miller may be held vicariously liable for the actions of the CFMG Defendants under Cal. Gov't Code § 815.4. However, if Defendant Miller cannot be sued directly for medical malpractice under § 845.6, it does not follow that Defendant Miller may be held vicariously liable for the CFMG Defendants' alleged medical malpractice, unless the CFMG Defendants fall within the purview of § 845.6's limited exception for failure to summon immediate medical care.

In Plaintiffs' opposition to the CFMG Defendants' motion to dismiss, Plaintiffs admit that independent contractors are not public employees and therefore cannot be held liable under Cal. Gov't Code § 845.6. *See* ECF No. 32, at 14 (citing Cal. Elections Code § 327). Plaintiffs further concede that their failure to furnish/summon medical care claim under § 845.6 should be dismissed as to the CFMG Defendants. *See id.* The Court concludes that Plaintiffs' admission is a binding judicial admission. *See Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 557 (9th Cir. 2003) (court has discretion to treat "statement made in briefs to be a judicial admission"). As Plaintiffs concede that the sole statutory basis for holding Defendant Miller liable does not apply in the instant case, the Court grants with prejudice Defendant Miller's motion to dismiss this claim.

10

Case No.14-CV-05495-LHK
ORDER GRANTING MOTION TO DISMISS

**B. Failure to Furnish/Summon Medical Care**

In Plaintiffs' fifth claim for relief, Plaintiffs allege that Defendants knew or had reason to know that Decedent was "in need of immediate medical care" but "failed to take reasonable action to summon or provide that care." *Id.* ¶ 66. Plaintiffs further aver that Defendants "failed to timely and appropriately respond to [Decedent's] obvious diabetic crisis." *Id.* ¶ 67. Defendants County and Miller contend that Plaintiffs have failed to allege sufficient facts to support Plaintiffs' claim. For the reasons discussed below, the Court concludes that Plaintiffs' factual allegations are insufficient to state a claim for relief.

As discussed above, under Cal. Gov't Code § 846.5, public entities and public employees are generally not "liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his [or her] custody." Cal. Gov't Code § 846.5. Public entities and public employees are liable for injuries proximately caused to prisoners where: (1) "the employee is acting within the scope of his [or her] employment," (2) "the employee knows or has reason to know that the prisoner is in need of immediate medical care," and (3) "he [or she] fails to take reasonable action to summon such medical care." *Id*. California courts have held that failure to provide necessary medication or treatment cannot be characterized as a failure to summon medical care claim, *Nelson*, 139 Cal. App. 3d at 81, nor does the duty to summon immediate medical care pursuant to § 845.6 encompass a duty to assure that medical staff properly diagnose and treat the condition or a duty to monitor the quality of care provided. *Watson v. California*, 21 Cal. App. 4th 836, 841–843 (Ct. App. 1993).

In the instant case, the Court finds that Plaintiffs have failed to adequately plead facts showing that a public employee, acting within the scope of his or her employment, failed to take reasonable action to summon medical care. Plaintiffs aver that Defendants County and Miller knew or had reason to know of Decedent's diabetes mellitus and the attendant health dangers and needs. *See* Compl. ¶ 32. Plaintiffs specifically allege that Decedent had been receiving treatment for his diabetes, and that Defendants therefore knew or had reason to know of Decedent's medical condition. The complaint is bereft, however, of any specific factual allegations as to how

Defendants County or Miller, or any other Defendants for whom Defendants County and Miller might be responsible, failed to take reasonable action to summon immediate medical care. Plaintiffs do not clarify whether the alleged failure to summon immediate medical care is premised on the alleged delayed transfer to Natividad Medical Center Emergency Room or on some earlier point prior to Decedent's transfer to the jail infirmary.

Moreover, the bare allegations that Defendants "failed to timely and appropriately respond to [Decedent's] obvious diabetic crisis," or that the alleged conduct "was committed within the course and scope of [Defendants'] employment," are insufficient. *Adams*, 355 F.3d at 1183 ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."). "One can imagine that facts might exist to assert a plausible claim against someone for the decedent's death. But the [complaint] alleges very few specific facts to support its allegations. Instead, it is replete with generalized statements concerning the defendants' liability." *Wishum v. Brown*, No. 14-CV-01491-WHO, 2015 WL 1408095, at *3 (N.D. Cal. Mar. 27, 2015). While the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party," *Manzarek*, 519 F.3d at 1031, the Court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations,'" *Fayer*, 649 F.3d at 1064.

Furthermore, to the extent Plaintiffs contend that Defendants may be held vicariously liable for the CFMG Defendants' alleged failure to furnish or summon medical care, this argument is foreclosed by Plaintiffs' binding admission. In Plaintiffs' opposition to the CFMG Defendants' motion to dismiss, Plaintiffs admit that independent contractors are not public employees and therefore cannot be held liable under Cal. Gov't Code § 845.6. *See* ECF No. 32, at 14 (citing Cal. Elections Code § 327). Plaintiffs further concede that their failure to furnish/summon medical care claim under § 845.6 should be dismissed as to the CFMG Defendants. *See id.* The Court concludes that Plaintiffs' admission is a binding judicial admission. *See Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 557 (9th Cir. 2003) (court has discretion to treat "statement made in briefs to be a judicial admission"). If, as Plaintiffs concede, independent contractors cannot violate

Cal. Gov't Code § 845.6, then there is no underlying violation for which Defendants may be held vicariously liable.[4] Accordingly, Plaintiffs may not rely on the CFMG Defendants' alleged failure to summon or obtain medical care as a basis to hold the County Defendants liable.

In sum, Plaintiffs have not alleged any facts with respect to the circumstances under which Defendants or a public employee allegedly failed to summon immediate medical care. Accordingly, the Court grants Defendants' motion to dismiss Plaintiffs' fifth claim for relief. However, the Court concludes that amendment would not be futile, as it is possible that Plaintiffs could plead sufficient facts to show that Defendants are liable under Cal. Gov't Code § 846.5 if a public employee or Defendant Miller himself failed to summon immediate medical care. *See Lopez*, 203 F.3d at 1127. The Court therefore dismisses without prejudice Plaintiffs' fifth claim for relief.

**C. Negligent Supervision and Wrongful Death**

Plaintiffs' sixth claim for relief is for negligent supervision, training, hiring, and retention. Plaintiffs' seventh claim for relief is for wrongful death under Cal. Code Civ. P. § 377.60. Defendants contend that Plaintiffs have failed state a claim under California law and that Plaintiffs have failed to allege any specific acts attributable to the County or its employees.

As to Defendants' first argument, the Court concludes that Plaintiffs may state claims for negligent supervision and wrongful death pursuant to Cal. Gov't Code § 845.6. Defendants are correct that Cal. Gov't Code § 815 establishes the general rule that public entities are "not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person," unless liability is established by statute. However, Cal. Gov't

---

[4] Even without Plaintiffs' concession with respect to the scope of Cal. Gov't Code § 845.6, the Court concludes that Plaintiffs have failed to articulate any theory of vicarious liability or plead any facts supporting any such theory in the first instance. *See, e.g.*, *McCarty*, 164 Cal. App. 4th at 977–78 ("The general rule of non-liability of an employer for the acts of an independent contractor is subject to numerous exceptions." (quoting *Snyder v. S. Cal. Edison Co.*, 44 Cal. 2d 793, 798, 99 (1955)). As discussed above, § 815.4 does not create an independent cause of action. Instead, Plaintiffs must allege both a cognizable claim against the independent contractor and a theory of liability for why Defendants can be held vicariously liable for the independent contractor's alleged tortious acts. Plaintiffs have failed to plead any such theories or facts.

Code § 845.6 permits claims against a public entity based upon the entity's employees' failure to furnish immediate medical care to an inmate. While Plaintiffs do not specifically cite Cal. Gov't Code § 845.6 as the statutory basis for their negligent supervision and wrongful death claims, the Court concludes that Plaintiffs' claims are viable under Cal. Gov't Code § 845.6 to the extent Plaintiffs' claims are based on Defendants' alleged negligence in supervising and training their employees regarding the furnishing of medical care. *See, e.g.*, *Estate of Claypole v. Cnty. of San Mateo*, No. 14-2730-BLF, 2014 WL 5100696, (N.D. Cal. Oct. 9, 2014) (finding Cal. Gov't Code § 845.6 could support claim against County defendant for negligent supervision and training); *Bock v. Cnty. of Sutter*, No. 11-536, 2012 WL 3778953, at *18–19 (E.D. Cal. Aug. 31, 2012) (denying motion to dismiss claims for negligent supervision and wrongful death that were based on alleged failure to furnish medical care).

While Plaintiffs may be able to state a claim for negligent supervision and wrongful death under § 845.6, as discussed above, the Court concludes that Plaintiffs have failed to allege any specific facts showing that a public employee, acting within the scope of his or her employment, failed to take reasonable action to summon medical care. *See* Cal. Gov't Code § 845.6. Plaintiffs' briefing focuses on their inability to identify Doe Defendants, but the complaint's factual insufficiencies are broader than Plaintiffs' mere failure to identify the names of specific employees. Plaintiffs have not pled any specific facts with respect to Defendants' alleged negligence in hiring, supervising, or training any employee or individual for whom Defendants could be held responsible. Merely alleging that "Defendants had a duty to hire, supervise, train, and retain employees and/or agents so that employees and/or agents refrain from the conduct and/or omissions alleged herein" and that Defendants "breached this duty," is insufficient. *See Fayer*, 649 F.3d at 1064 (noting that the Court does not have to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations"). While Plaintiffs need not "prove the case on the pleadings," Plaintiffs must allege "more than conclusions" and a "lack of access to evidence" cannot save implausible claims. *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1078 (9th Cir. 2012) (quoting *Iqbal*, 129 S. Ct. at 1950).

Accordingly, the Court grants without prejudice Defendants' motion to dismiss Plaintiffs' negligent supervision and wrongful death claims. The Court finds that amendment would not be futile, as it is possible that Plaintiffs could allege sufficient facts to support their claims.

## IV.  CONCLUSION

For the foregoing reasons, the Court rules as follows:

The Court dismisses with prejudice Plaintiffs' medical malpractice and professional negligence claim against both Defendant County and Defendant Miller.

The Court dismisses without prejudice Plaintiffs' failure to furnish/summon medical care claim against both Defendant County and Defendant Miller.

The Court dismisses without prejudice Plaintiffs' negligent supervision and wrongful death claims against both Defendant County and Defendant Miller.

The Court dismisses with prejudice Plaintiffs' claims for punitive damages against Defendant County.

Should Plaintiffs elect to file an amended complaint curing the deficiencies identified herein, Plaintiffs shall do so within 30 days of the date of this Order. Failure to meet the 30 day deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice. Plaintiffs may not add new causes of actions or parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: June 30, 2015

*Lucy H. Koh*
LUCY H. KOH
United States District Judge