UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GUADALUPE RESENDIZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY, et al.,<br>Defendants. | Case No.14-CV-05495-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 24 |

Plaintiffs Guadalupe Resendiz and Regulo Martinez (collectively, "Plaintiffs"), successors in interest to Artemio Martinez Resendiz ("Decedent"), allege that Defendants County of Monterey, Scott Miller, California Forensic Medical Group, Taylor Fithian, Eluid Garcia, and David Harness are liable under federal and state law for the death of Decedent, Plaintiffs' son. Before the Court is the motion to dismiss submitted by Defendants California Forensic Medical Group ("CFMG"), Taylor Fithian, Eluid Garcia, and David Harness, (collectively, "Defendants"). ECF No. 24. Pursuant to Civil Local Rule 7–1(b), the Court finds this motion suitable for decision without oral argument and hereby VACATES the hearing set for July 2, 2015, at 1:30 p.m. The 1:30 p.m. July 2, 2015 case management conference remains as set. Having considered the parties' submissions, the relevant law, and the record in this case, the Court hereby GRANTS Defendants'

1
Case No.14-CV-05495-LHK
ORDER GRANTING MOTION TO DISMISS

motion to dismiss.

## I. BACKGROUND

### A. Factual Background

Plaintiffs bring this action as successors in interest to Decedent Artemio Martinez Resendiz. Compl. ¶ 10. Plaintiff Guadalupe Resendiz is Decedent's mother and a resident of Monterey County, California. *Id.* ¶ 12. Plaintiff Regulo Martinez is Decedent's father and a resident of Monterey County, California. *Id.* ¶ 13.

Defendant County of Monterey ("County") is a public entity organized under California law. *Id.* ¶ 14. According to Plaintiffs, the County operates and manages Monterey County Jail. *Id.* Defendant Scott Miller is the Sheriff of the County of Monterey, the "highest position in the San Mateo [sic] County Sheriff's Department."[1] *Id.* ¶ 15. The County of Monterey contracts with Defendant California Forensic Medical Group ("CFMG") to provide medical, mental health, and dental services for the Monterey County Jail. *Id.* ¶ 16. Defendant CFMG is a California corporation headquartered in Monterey, California. *Id.* ¶ 16. Defendant Taylor Fithian is the co-founder, President, and Medical Director for Defendant CFMG. *Id.* ¶ 17. Defendant David Harness is the Program Director for Defendant CFMG. Defendant Lola Bayer is the nursing supervisor at the Monterey County Jail and is employed by Defendant CFMG. *Id.* ¶ 19. Defendant Eliud Garcia is the Medical Director for Defendant CFMG at the Monterey County Jail. *Id* ¶ 20.

Decedent was in the custody of the Monterey County Sheriff's Department prior to his death on November 12, 2013. *Id.* ¶¶ 31, 37. Plaintiffs allege on information and belief that Decedent was transported to the Monterey County Jail infirmary on November 9, 2013, with "flu like symptoms and irregularities in his blood glucose levels." *Id.* ¶ 33. Plaintiffs allege that Monterey County Jail and CFMG were aware that Decedent suffered from diabetes mellitus. *Id.* ¶ 32. On November 10, 2013, Decedent was "found sitting in his own feces and urine, apparently unresponsive." *Id.* ¶ 34. At that point, Decedent "was transported to Natividad Medical Center

---

[1] The Court assumes that the Plaintiffs intended to state the "highest position in the Monterey County Sheriff's Department."

2

Case No.14-CV-05495-LHK
ORDER GRANTING MOTION TO DISMISS

Emergency Room where he was found to be unresponsive, hypotensive, [and] in severe metabolic acidosis with renal failure." *Id.* ¶ 34. According to Plaintiffs, the "severe lactic acidosis with acute renal failure resulted in cardiac arrests," and after Decedent suffered repeated cardiac arrest, Decedent was diagnosed with "anoxic brain injury." *Id.* ¶¶ 35, 36. Decedent died on November 12, 2013.

According to Plaintiffs, jail personnel and medical staff were "aware of [Decedent's] serious medical needs" resulting from Decedent's diabetes mellitus as Decedent "was being treated for this condition while incarcerated at the Monterey County Jail since [Decedent's] confinement at least as least as early as June of 2013." *Id.* ¶ 32.

Plaintiffs further allege that Defendants County and CFMG "have been on notice" that Defendants' provision of healthcare to inmates at the County Jail is "inadequate and results in needless harm" since at least 2007 when the Monterey County Sheriff's Office and Monterey County Board of Supervisors "hired an outside consulting firm to perform a needs assessment for the Jail." *Id.* ¶ 26. Plaintiffs also allege that an October 2013 Monterey County Jail Health Care Evaluation ("2013 Evaluation") "found County of Monterey and CFMG's policies and practices for screening, supervising, and treating prisoners inadequate." *Id.* ¶ 27. More specifically, the 2013 Evaluation apparently identified "numerous inadequate policies and procedures" including:

    a. Triaging of Complaints

    b. Emergency Services

    c. Preparation of Medication Prior to Administration

    d. Medication Administration

    e. Individualized Treatment Plans

    f. Treatment of Chronic Illness

    g. Health Records

    h. Clinic Space, Equipment, and Supplies

*Id.* ¶ 28. The 2013 Evaluation also allegedly "found that chronic understaffing hinders [Defendants'] ability to provide medical care." *Id.* ¶ 28.

3

Case No.14-CV-05495-LHK
ORDER GRANTING MOTION TO DISMISS

**B. Procedural History**

Plaintiffs filed their complaint on December 16, 2014. ECF No. 1. Defendants County and Miller filed a motion to dismiss on February 27, 2015. ECF No. 22. Plaintiffs filed an opposition on March 13, 2015, ECF No. 28, and Defendants filed a reply on March 18, 2015, ECF No. 30. The Court granted Defendant County and Miller's motion to dismiss on June 30, 2015, 2015. ECF No. 42.

Defendants CFMG, Fithian, Garcia, and Harness filed the instant motion to dismiss on March 6, 2015. Plaintiff filed an opposition on April 17, 2015, and Defendants filed a reply on May 29, 2015, ECF No. 35.

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

However, a court need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and the "[C]ourt may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6)

4

Case No.14-CV-05495-LHK
ORDER GRANTING MOTION TO DISMISS

motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor is the court required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678. Furthermore, "a plaintiff may plead herself out of court" if she "plead[s] facts which establish that [s]he cannot prevail on h[er] . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (internal quotation marks omitted).

### B. Leave to Amend

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," bearing in mind that "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party. . . , [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### III. DISCUSSION

In the instant motion, Defendants move to dismiss Plaintiffs' federal and California law claims. The Court addresses Defendants' arguments with respect to each cause of action below.

**A. Deliberate Indifference and Supervisory Liability**

Plaintiffs allege that Defendants' "failure to provide [Decedent] with appropriate medical care" and failure to "train, supervise and/or promulgate appropriate policies and procedures in order to identify serious health risk [sic] and provide treatment" constitute deliberate indifference in violation of the Eighth Amendment. Compl. ¶ 44. Defendants contend that Plaintiffs have failed to allege sufficient facts in support of Plaintiffs' deliberate indifference claim. For the reasons stated below, the Court agrees and grants Defendants' motion to dismiss Plaintiffs' deliberate indifference claim. As Plaintiffs' supervisory liability claim is derivative of Plaintiffs' deliberate indifference claim, the Court also grants Defendants' motion to dismiss Plaintiffs' supervisory liability claim.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059.

A prison official is deliberately indifferent if she or he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he or she "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

When, as here, a plaintiff seeks damages against a defendant, the "inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*,

6

844 F.2d 628, 633 (9th Cir. 1988). A defendant thus would not have exposure for every shortcoming in the medical department at the prison, but only if she personally was deliberately indifferent. *Id.* at 633–34.

Moreover, a defendant's action or inaction "is the actual cause of [the] injury only if the injury would not have occurred 'but for' that conduct." *White v. Roper*, 901 F.2d 1501, 1505 (9th Cir. 1990). "The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Johnson v. Duffy*, 588 F.2d 740, 743–44 (9th Cir. 1978).

Additionally, a plaintiff may state a claim under § 1983 against a supervisor for deliberate indifference. *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011). "A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id.* at 1207 (internal quotation marks and citation omitted). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Id.* at 1208 (quoting *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998)).

Here, Defendants first contend that Plaintiffs have failed to allege any facts showing that any Defendant had any "direct personal participation in the deprivation" or that any Defendant set in motion a series of acts that resulted in Decedent's death. Mot. at 4; *Johnson*, 588 F.2d at 743–44. The Court agrees. Plaintiffs allege generally that the individual Defendants "promulgat[ed] the policies and procedures" that allegedly resulted in Decedent's death, *id.* ¶ 17, or were "responsible for overseeing the delivery of medical . . . care" at the County Jail, *id.* ¶¶ 18–20. However, Plaintiffs do not allege any specific facts regarding what those policies and procedures were or what actions or inactions Defendants took with respect to those policies. Absent such factual

7

allegations, there is no way to determine whether Plaintiffs can plausibly allege causality or culpability as to each Defendant. In addition to failing to identify which policies, procedures, or practices were allegedly deficient, Plaintiffs do not allege any facts indicating that Defendants disregarded a substantial risk to Decedent's health or safety. *See Farmer*, 511 U.S. at 837. Nor do Plaintiffs aver what specific actions any individual Defendant took with regard to Decedent's care, or the causal relationship between any action or omission by any Defendant and Decedent's death. Plaintiffs are obligated to "set forth specific facts as to each individual defendant's deliberate indifference." *Leer*, 844 F.2d at 634. Plaintiffs have failed to do so in the instant case.

Plaintiffs' supervisory liability claim suffers from the same pleading defects. Plaintiffs have not pled facts showing that the individual Defendants were either personally involved in any alleged constitutional deprivation or facts supporting a causal relationship between the individual Defendants' actions or omissions and Decedent's death. *See Starr*, 652 F.3d at 1207. These are basic elements required to show supervisory liability for a deliberate indifference claim. *See id.* The bare allegation that Defendants "fail[ed] to train, supervise and/or promulgate appropriate policies and procedures in order to prevent harm to [Decedent]" is insufficient. *See Adams*, 355 F.3d at 1183 ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."). Instead, Plaintiffs must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiffs have not done so.

Accordingly, the Court grants Defendants' motion to dismiss Plaintiffs' deliberate indifference and supervisory liability claims. The Court finds, however, that amendment would not necessarily be futile as Plaintiffs may be able to plead sufficient facts to set forth plausible claims for relief. *See Lopez*, 203 F.3d at 1127. This dismissal is therefore without prejudice.

**B. Substantive Due Process**

In addition to their deliberate indifference and supervisory liability claims, Plaintiffs further allege that Defendants wrongfully deprived Plaintiffs of Plaintiffs' liberty interest in having a relationship with their son. Defendants contend that Plaintiffs have failed to allege a

1 plausible claim for relief.

2 "Substantive due process protects individuals from arbitrary deprivation of their liberty by government." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). The Ninth Circuit has stated that "to establish a constitutional violation based on substantive due process, [a plaintiff] must show both a deprivation of her liberty *and* conscience-shocking behavior by the government." *Id.* (emphasis added). "[O]nly the most egregious official conduct can be said to be arbitrary in a constitutional way." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). This inquiry requires the Court to look at whether the defendant engaged in "conduct intended to injure in some way unjustifiable by *any* government interest." *Id.* at 849 (emphasis added).

Plaintiffs' allegations with respect to their substantive due process claim are identical to their allegations in support of their deliberate indifference and supervisory liability claims. As discussed above, bare allegations that Defendant's "failure to train, supervise, and/or take other appropriate measures to prevent the acts and/or omissions that caused the untimely and wrongful death of [Decedent]" and that "[t]he aforementioned acts . . . were willful, wanton, malicious, and oppressive" are insufficient to satisfy Rule 8's pleading requirement. *See Twombly*, 550 U.S. at 570 (holding that complaint must allege "enough facts to state a claim to relief that is plausible on its face"). Plaintiffs' allegations do not identify Defendants' alleged conscience-shocking behavior or any connection between that alleged behavior and Decedent's condition and death.

Consequently, the Court grants Defendants' motion to dismiss Plaintiff's substantive due process claim. As discussed above, the Court finds that amendment would not necessarily be futile. *See Lopez*, 203 F.3d at 1127. This dismissal is therefore without prejudice.

**C. Failure to Summon Medical Care**

Plaintiffs originally alleged that the CFMG Defendants and County Defendants were liable for failure to summon immediate medical care pursuant to Cal. Gov't Code § 845.6. Cal. Gov't Code § 845.6 provides an exception to the general rule that public entities are immune to suits for injuries to prisoners when a public employee, acting within the scope of his or her employment, fails to summon medical care for a prisoner, and the employee knows or has reason to know that

the need for medical care is immediate.

Plaintiffs concede that their failure to summon immediate medical care claim should be dismissed as to the CFMG Defendants. *See* Opp. at 14. More specifically, Plaintiffs concede that the CFMG Defendants, as independent contractors, are not "employees" as defined under California law and therefore cannot be held liable under Cal. Gov't Code § 845.6. *Id.*

The Court therefore grants with prejudice Defendants' motion to dismiss Plaintiffs' failure to summon medical care claim.

### D. Negligent Supervision/Training

Plaintiffs also contend that Defendants negligently supervised, trained, or hired employees that either failed to recognize Decedent's medical condition or failed to render appropriate treatment. Defendants move to dismiss Plaintiffs' negligent supervision claim for failure to plead sufficient facts.

"An employer may be liable to a third person for the employer's negligence in hiring or retaining an employee who is incompetent or unfit. *Roman Catholic Bishop v. Sup. Ct.*, 42 Cal. App. 4th 1556, 1564–65 (Ct. App. 1996). Negligence liability will be imposed upon the employer if it "knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes." *Doe v. Capital Cities*, 50 Cal. App. 4th 1038, 1054 (Ct. App. 1996); *see also Delfino v. Agilent Techs., Inc.*, 145 Cal. App. 4th 790, 815 (Ct. App. 2006).

Here, the Court concludes that Plaintiffs have failed to allege any facts with respect to the CFMG Defendants' negligence in hiring, training, or supervising any employee. There is not a single factual allegation in the complaint regarding CFMG's hiring practices or criteria, much less specific facts regarding a particular employee posing a "particular risk or hazard" to the provision of medical care at the County Jail. *See Doe*, 50 Cal. App. 4th at 1054. Nor do Plaintiffs make any factual allegations that the CFMG Defendants knew or should have known that their employees were incompetent, careless, or otherwise likely to cause injury to individuals such as Decedent. "One can imagine that facts might exist to assert a plausible claim against someone for the decedent's death. But the [complaint] alleges very few specific facts to support its allegations.

10
Case No.14-CV-05495-LHK
ORDER GRANTING MOTION TO DISMISS

Instead, it is replete with generalized statements concerning the defendants' liability." *Wishum v. Brown*, No. 14-CV-01491-WHO, 2015 WL 1408095, at *3 (N.D. Cal. Mar. 27, 2015). While the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party," *Manzarek*, 519 F.3d at 1031, the Court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations,'" *Fayer*, 649 F.3d at 1064.

In opposition, Plaintiffs contend that they have been unable to identify specific Doe Defendants, including the individual CFMG employees who allegedly committed the "specific acts or wrongful conduct" that resulted in Decedent's death. Opp. at 15. It is true that a plaintiff may sue Doe defendants where "the identity of alleged defendants will not be known prior to the filing of a complaint." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). While that may excuse Plaintiffs' failure to identify specific CFMG employees beyond those already named, it does not excuse the absence of any factual allegations showing that the named Defendants are liable for negligent supervision or hiring. As Defendants note, Plaintiffs are obligated to meet Rule 8's pleading standards even without the benefit of full discovery. While Plaintiffs need not "prove the case on the pleadings," Plaintiffs must allege "more than conclusions" and a "lack of access to evidence" cannot save implausible claims. *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1078 (9th Cir. 2012) (quoting *Iqbal*, 129 S. Ct. at 1950).

The Court therefore grants Defendants' motion to dismiss Plaintiff's negligent supervision claim. Again, as Plaintiffs may be able to plead sufficient facts to allege a plausible negligent supervision claim, this dismissal is without prejudice.

**E. Wrongful Death**

    **1. Failure to Plead**

Plaintiffs' seventh claim for relief is for wrongful death under California Code of Civil Procedure § 377.60. Defendants contend that Plaintiffs have failed to plead a statutory cause of action with sufficient particularity under California law, failed to plead sufficient facts to state a claim, and that Plaintiffs have failed to plead facts showing that Plaintiffs have standing to bring a

1  wrongful death claim. The Court addresses each argument in turn.

2  Defendants first argue that California law requires statutory causes of action to be pled

3  with particularity. *See* Mot. at 8–9 (citing *Lopez v. S. Cal. Rapid Transit Dist.*, 40 Cal. 3d 780

4  (1985)). However, federal courts must apply federal procedural law and state substantive law to

5  state law claims. *See Feldman v. Allstate Ins. Co*, 322 F.3d 660, 666 (9th Cir. 2003) (citing *Erie

6  R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d

7  1097, 1103 (9th Cir. 2003) ("*Erie* applies irrespective of whether the source of subject matter

8  jurisdiction is diversity or federal question."). Moreover, "[t]he Federal Rules of Civil Procedure

9  apply irrespective of the source of subject matter jurisdiction, and irrespective of whether the

10 substantive law at issue is state or federal." *Vess*, 317 F.3d at 1103. Under Federal Rules of Civil

11 Procedure 8 and 9, Plaintiffs are not required to plead statutory causes of action with particularity,

12 unless those statutory causes of action happen to sound in fraud or mistake. *See* Fed. R. Civ. P.

13 8(a), 9(b). The Court therefore applies the federal pleading standards set forth in *Iqbal* and

14 *Twombly* to the Plaintiffs' claims. *See also Greene v. Wells Fargo Bank, N.A.* , No. 15-00048

15 JSW, 2015 WL 2159460, at *3 n.2 (N.D. Cal. May 7, 2015) (rejecting defendant's argument that

16 plaintiff's statutory causes of action must be pled with particularity under California law and

17 applying *Iqbal*).

18 Applying the federal pleading standards, the Court concludes that Plaintiffs' claims are

19 inadequately pled. As discussed in the Court's order granting the County Defendants' motion to

20 dismiss, ECF No. 42, Plaintiffs have failed to allege specific facts showing that any Defendant,

21 Doe or named, was negligent and that a Defendant's negligence caused Decedent's death. While

22 Plaintiffs have alleged that Defendants knew or should have known that Decedent suffered from

23 diabetes, that fact alone does not show or allow the Court to make the reasonable inference that

24 Defendants then acted negligently in some unknown way that then caused Decedent's death in

25 some unknown way. "The plausibility standard is not akin to a probability requirement, but it asks

26 for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

27 Having reviewed the allegations in Plaintiffs' complaint, the Court concludes that Plaintiffs have

28

12
Case No.14-CV-05495-LHK
ORDER GRANTING MOTION TO DISMISS

United States District Court
Northern District of California

failed to state a plausible wrongful death claim.

Accordingly, the Court grants Defendants' motion to dismiss Plaintiffs' wrongful death claim for failure to plead sufficient facts supporting Plaintiffs' claim. The Court finds, however, that amendment would not be futile as Plaintiffs may be able to plead sufficient facts showing that Defendants acted negligently and caused Decedents' death. *See Lopez*, 203 F.3d at 1127. This dismissal is therefore without prejudice.

### 2. Standing

Defendants further argue that Plaintiffs have failed to allege facts showing that Plaintiffs have standing to pursue a wrongful death claim under California law. California Code of Civil Procedure § 377.60 provides, in relevant part:

> A cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons or by the decedent's personal representative on their behalf:
>
> (a) The decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons, including the surviving spouse or domestic partner, who would be entitled to the property of the decedent by intestate succession.
>
> (b) Whether or not qualified under subdivision (a), if they were dependent on the decedent, the putative spouse, children of the putative spouse, stepchildren, or parents. As used in this subdivision, "putative spouse" means the surviving spouse of a void or voidable marriage who is found by the court to have believed in good faith that the marriage to the decedent was valid.

Defendants contend that Plaintiffs have failed to plead that Plaintiffs are Decedent's intestate heirs or that Plaintiffs were "dependent on the decedent." *See id.* According to Defendants, Plaintiffs' failure to plead such facts requires dismissal of Plaintiffs' wrongful death claim.

However, as Plaintiffs correctly note, in federal court a party is not required to allege its "capacity to sue or be sued" or its "authority to sue or be sued in a representative capacity," unless "required to show that the court has jurisdiction." Fed. R. Civ. P. 9(a)(1). Moreover, "[t]o raise any of those issues, a party must do so by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge." *Id.* As the Ninth Circuit has previously

explained, Rule 9 "provides that the defense of lack of capacity to sue must be raised 'by specific negative averment.'" *Summers v. Interstate Tractor & Equip. Co.*, 466 F.2d 42, 49–50 (9th Cir. 1972) (quoting Fed. R. Civ. P. 9). Moreover, "[t]he question of a litigant's capacity or right to sue or to be sued generally does not affect the subject matter jurisdiction of the district court." *Id.*

Accordingly, to the extent Defendants wish to contest Plaintiffs' capacity or authority to bring a wrongful death claim under California law, Defendants must do so by "specific negative averment" in a responsive pleading or by motion. *See id.*; *see also De Saracho v. Custom Food Mach., Inc.*, 205 F.3d 874, 878 (9th Cir. 2000) ("None of defendants made a 'specific negative averment' in their answers, moved to amend their answers, or filed a motion for summary judgment on this issue."). Here, Defendants generally argue that Plaintiffs have failed to affirmatively allege facts showing that Plaintiffs were dependent on Decedent or that Decedent died intestate, but do not specifically aver facts showing that Plaintiffs lack standing under § 377.60. As such, the Court denies Defendants' motion to dismiss on this basis.

### F. Compensable Injury for State Law Claims No. 4, 5, & 6

Defendants further move to dismiss Plaintiffs' medical malpractice/professional negligence, failure to furnish/summon medical care, and negligent supervision/hiring claims for failure to allege a "compensable injury" under California Code of Civil Procedure § 377.34. Section 377.34 provides:

> In an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, and do not include damages for pain, suffering, or disfigurement.

California courts have explained that § 377.34 precludes plaintiffs in a survival action from recovering damages for pain, suffering, or emotional distress suffered by the decedent. *See, e.g.*, *Garcia v. Sup. Ct.*, 42 Cal. App. 4th 17, 182–85 (Ct. App. 1996) ("[T]he statute does not permit the estate to recover specific damages for decedent's pain and suffering, [however,] California law permits the estate representative to seek punitive damages for the violation of decedent's rights.").

1  According to Defendants, because Plaintiffs cannot recover damages for Decedent's pain and
2  suffering, Plaintiffs have failed to identify any compensable damages as required to plead a claim
3  for relief under California law.
4  Before addressing the substance of Defendants' argument, the Court notes that Defendants
5  explicitly state that they do not "contest[] plaintiffs' damages pleading in the context of their 42
6  U.S.C. § 1983 claims." Reply at 7. Instead, the gravamen of Defendants' argument is that
7  Plaintiffs' state law claims are based in negligence and therefore require Plaintiffs to allege a duty,
8  breach, and damages, and that Plaintiffs have failed to allege recoverable damages. Defendants'
9  argument does not, therefore, present the issue addressed by other courts in this District regarding
10 whether California's limitation of damages in survival actions conflicts with the remedial nature of
11 federal 42 U.S.C. § 1983 suits. *See, e.g.*, *Cotton ex rel. Mclure v. City of Eureka*, 860 F. Supp. 2d
12 999 (N.D. Cal. 2012); *Guyton v. Phillips*, 532 F. Supp. 1154 (N.D. Cal. 1981), *disapproved of on
13 other grounds by Peraza v. Delameter*, 722 F.2d 1455 (9th Cir. 1984). Furthermore, the parties do
14 not dispute that § 377.34 precludes Plaintiffs from recovering damages for Decedent's pain and
15 suffering as part of Plaintiffs' state law claims. Instead, the parties dispute whether Plaintiffs have
16 adequately pled recoverable damages of any form.
17 In opposition to Defendants' argument, Plaintiffs contend that Plaintiffs may recover
18 punitive damages even without actual damages, and that the recovery of punitive damages is
19 sufficient to satisfy the damages requirement of Plaintiffs' state law negligence claims. Plaintiffs
20 rely on California Civil Code § 3294(a), which provides that "where it is proven by clear and
21 convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the
22 plaintiff, in addition to the actual damages, may recover damages for the sake of example and by
23 way of punishing the defendant." However, "California courts have long interpreted Section 3294
24 to require an award of compensatory damages, even if nominal, to recover punitive damages."
25 *California v. Altus Finance S.A.*, 540 F.3d 992, 1001 (9th Cir. 2008) (citing *Mother Cobb's
26 Chicken Turnovers, Inc. v. Fox*, 10 Cal. 2d 203 (1937)). To the extent Plaintiff relies on California
27 Court of Appeal decisions to the contrary, the Court notes that it is bound by the California

Supreme Court's decision in *Mother Cobb's*, which the Ninth Circuit cited approvingly as controlling law in *Altus Finance*. *See, e.g.*, *Sram Corp. v. Shimano, Inc.*, 25 F. App'x 626 (9th Cir. 2002) ("[F]ederal courts are bound by the pronouncements of the state's highest court on applicable state law."). The Court therefore concludes that California law requires the recovery of some form of compensatory damages to support the recovery of punitive damages.

Here, Plaintiffs fail to identify any actual or compensatory damages that could serve as a predicate for the award of punitive damages for Plaintiffs' state law claims. As the Court concludes that California law requires an award of compensatory damages in order to recover punitive damages, the Court agrees with Defendants that Plaintiffs have failed to identify or plead any recoverable damages for Plaintiffs' medical malpractice/professional negligence, failure to summon/obtain medical care, and negligent supervision/hiring claims. As discussed above, Plaintiffs' failure to summon/obtain medical care claim against the CFMG Defendants is dismissed with prejudice. As to Plaintiffs' medical malpractice/professional negligence and negligent supervision/hiring claims, Plaintiffs have failed to sufficiently plead any recoverable damages, in addition to the pleading insufficiencies discussed above. As it is possible that Plaintiffs could amend their claims to plead recoverable damages, the Court grants without prejudice Defendants' motion to dismiss on this ground.

## IV. CONCLUSION

For the reasons stated above, the Court rules as follows:

The Court dismisses without prejudice Plaintiffs' deliberate indifference and supervisory liability claims against the CFMG Defendants.

The Court dismisses without prejudice Plaintiffs' substantive due process claim against the CFMG Defendants.

The Court dismisses with prejudice Plaintiffs' failure to summon/obtain medical care claim against the CFMG Defendants.

The Court dismisses without prejudice Plaintiffs' negligent supervision/hiring claim against the CFMG Defendants.

The Court dismisses without prejudice Plaintiffs' wrongful death claim against the CFMG Defendants.

Should Plaintiffs elect to file an amended complaint curing the deficiencies identified herein, Plaintiffs shall do so by July 30, 2015. Failure to meet the July 30, 2015 deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice. Plaintiffs may not add new causes of actions or parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: July 1, 2015

_____
LUCY H. KOH
United States District Judge