United States District Court
Northern District of California

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                                SAN JOSE DIVISION

11

12   GUADALUPE RESENDIZ, et al.,                Case No. 14-CV-05495-LHK

13              Plaintiffs,                     **ORDER GRANTING IN PART AND
                                                DENYING IN PART MOTION TO
14        v.                                    DISMISS**

15   COUNTY OF MONTEREY, et al.,                Re: Dkt. No. 48

16              Defendants.

17

18        Plaintiffs Guadalupe Resendiz and Regulo Martinez (collectively, "Plaintiffs"), successors

19   in interest to Artemio Martinez Resendiz ("Decedent"), allege that Defendants County of

20   Monterey, Scott Miller, California Forensic Medical Group, Taylor Fithian, Eluid Garcia, and

21   David Harness are liable under federal and state law for the death of Decedent, Plaintiffs' son.

22   Before the Court is Defendants County of Monterey's ("County") and Monterey County Sheriff

23   Scott Miller's ("Sheriff Miller") (collectively, the "County Defendants") motion to dismiss

24   Plaintiffs' First Amended Complaint ("FAC").  ECF No. 48.  Having considered the parties'

25   submissions, the relevant law, and the record in this case, the Court hereby GRANTS IN PART

26   and DENIES IN PART the County Defendants' motion to dismiss.

27

28                                              1
     Case No. 14-CV-05495-LHK
     ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

## I. BACKGROUND

### A. Factual Background

Plaintiffs Guadalupe Resendiz and Regulo Martinez bring this action as successors in interest to Decedent Artemio Martinez Resendiz. FAC ¶ 17. Plaintiffs are Decedent's parents and reside within the Northern District of California. *Id.* ¶¶ 1, 10.

Defendant County of Monterey is a public entity and political subdivision of the State of California. *Id.* ¶ 18. According to Plaintiffs, the County operates and manages Monterey County Jail. *Id.* Defendant Scott Miller is the Sheriff of the County of Monterey and, by statute, "the sole and exclusive authority to keep the county jail and the prisoners in it." *Id.* ¶ 19 (quoting Cal. Gov. Code § 26605). The County of Monterey contracts with Defendant California Forensic Medical Group ("CFMG") to provide medical, mental health, and dental services for the Monterey County Jail. *Id.* ¶ 20. Defendant CFMG is a California corporation headquartered in Monterey, California. *Id.* ¶ 12. Defendant Taylor Fithian is the Co-Founder, President and Medical Director for Defendant CFMG. *Id.* ¶¶ 21, 27. Defendant David Harness is the Program Director for Defendant CFMG. *Id.* ¶¶ 21, 28. Defendant Lola Bayer is the Nursing Director for Defendant CFMG at the Monterey County Jail. *Id.* ¶¶ 21, 29. Defendant Eliud Garcia is the Medical Director for Defendant CFMG at the Monterey County Jail. *Id.* ¶¶ 21, 30.

Decedent was in the custody of the Monterey County Sheriff's Department prior to his death on November 12, 2013. *Id.* ¶¶ 31, 37, 46-49. Plaintiffs allege that Monterey County Jail and CFMG were aware that Decedent suffered from diabetes mellitus, but that his diabetes was "unstable, poorly managed, [and] unregulated" throughout his incarceration. *Id.* ¶¶ 31-32. Plaintiffs allege that on November 9, 2013, Decedent was transported to the Monterey County Jail infirmary, where he was seen by a nurse and "was found to be hypoglycemic and vomiting bile." *Id.* ¶ 37. Early on November 10, 2013, Decedent was "found by a nurse to be hypoglycemic, pale, and barely responsive." *Id.* ¶ 40. Later on the same day, a nurse found that Decedent was "unable to stand without assistance, incontinent of bladder, lethargic, jaundiced, very weak, and with a lowered level of consciousness." *Id.* ¶ 41. The nurse then paged Defendant Garcia, who allegedly

2

Case No. 14-CV-05495-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

1    was not on-site at MCJ.  *Id.*  At 9:40 a.m., Garcia called the jail infirmary and directed that

2    Decedent should be transported to Natividad Medical Center (a hospital) but that an ambulance

3    should not be used.  *Id.* ¶ 42.  At 10:45 a.m., Decedent was still in the jail infirmary and was

4    "found by a nurse to be incontinent of bowel (black stool) with slow intermittent breathing and

5    non-responsive."  *Id.* ¶ 44.  The nurse then called for an ambulance using the code to request "an

6    emergency response in a life-threatening situation."  *Id.* ¶ 44.  At that point, Decedent was

7    transported to Natividad Medical Center, where he "was found to be hypoglycemic, hypotensive,

8    in severe lactic acidosis, in septic shock, and suffering severe acute renal failure."  *Id.* ¶ 47.

9    Decedent suffered two episodes of cardiac arrest at the hospital and was subsequently admitted to

10   the hospital's intensive care unit ("ICU").  *Id.* ¶ 47.  In the ICU, Decedent suffered "two more

11   episodes of cardiac arrest, after which he was comatose and diagnosed with anoxic brain injury,

12   which were caused by severe lactic acidosis with acute renal failure."  *Id.* ¶ 48.  Plaintiff alleges

13   that these were "foreseeable complications from unstable and unregulated diabetes mellitus."  *Id.*

14   ¶ 49.  Decedent died on November 12, 2013.  *Id.* ¶ 49.

15          Plaintiffs further allege that Defendants CFMG, Fithian, Harness, Bayer, and Garcia

16   (collectively, the "CFMG Defendants") and the County Defendants have known that Defendants'

17   provision of healthcare to inmates at the County Jail is "inadequate and result[s] in needless harm"

18   since at least 2007 when the Monterey County Sheriff's Office and Monterey County Board of

19   Supervisors "hired an outside consulting firm to perform a needs assessment" for the Monterey

20   County Jail.  *Id.* ¶ 23.  Plaintiffs also allege that a November 2013 Monterey County Jail Health

21   Care Assessment ("2013 Assessment") found many inadequacies in the provision of health care at

22   the Monterey County Jail.  *Id.* ¶ 24.  The inadequacies in health care services identified in the

23   2013 Assessment allegedly included, *inter alia*:

24          • staffing levels for physicians and nurses that are "40-70 percent lower than

25             necessary to provide adequate health care to inmates," which is "particularly

26             deleterious to the care of inmates' chronic serious medical conditions and the

27             provision of timely, adequate, and competent emergency services;"

28
Case No. 14-CV-05495-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

- inadequate management and treatment of inmates in the infirmary, resulting in "the provision of health care to inmates in the [infirmary] that breaches the standards of care for those inmates with chronic and serious medical conditions;"

4

- the lack of a full-time physician on duty at the jail;

5

6

7

8

- the lack of a policy regarding when a nurse is required to consult or involve a physician in responding to an inmate's medical emergency, with the result that "nurses do not consistently consult, seek direction from, or even involve a physician;"

9

10

11

- the lack of policies and procedures to ensure that inmates with chronic serious medical conditions continue to take necessary medication during their incarceration;

12

13

14

- the treatment of inmates with serious medical conditions solely by nurses or a physician's assistant and without the involvement of a physician due to the lack of "full-time physician on-site coverage;" and

15

16

17

- the failure of the treatment and management of inmates suffering from chronic diabetes mellitus to conform to the standard of care for diabetes management in correctional institutions.

18

*Id.* ¶ 24.

19

### B. Procedural History

20

Plaintiffs filed their complaint on December 16, 2014.  ECF No. 1.  The original complaint

21

alleged causes of action under 42 U.S.C. § 1983 for Eighth Amendment and Fourteenth

22

Amendment violations as well as California law causes of action for professional negligence,

23

medical malpractice, failure to summon medical care under California Government Code § 845.6,

24

negligent supervision and training, and wrongful death.  *See* ECF No. 1 (complaint).

25

The County Defendants filed a motion to dismiss on February 27, 2015.  ECF No. 22.

26

Plaintiffs filed an opposition on March 13, 2015, ECF No. 28, and the County Defendants filed a

27

reply on March 18, 2015, ECF No. 30.  In their motion, the County Defendants moved to dismiss

28

4

Case No. 14-CV-05495-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

1  only Plaintiffs' state law causes of action. *See* ECF No. 30 at 2. The Court granted the County

2  Defendants' motion to dismiss the state law claims with leave to amend on June 30, 2015, 2015.

3  ECF No. 42.

4  The CFMG Defendants filed a motion to dismiss all of Plaintiffs' causes of action against

5  the CFMG Defendants on March 6, 2015. ECF No. 24. Plaintiff filed an opposition on April 17,

6  2015, ECF No. 32, and the CFMG Defendants filed a reply on May 29, 2015, ECF No. 35. The

7  Court granted the CFMG Defendants' motion to dismiss all causes of action as to the CFMG

8  Defendants with leave to amend on July 1, 2015. ECF No. 43.

9  Plaintiffs filed their FAC on July 30, 2015. ECF No. 47. Plaintiffs' FAC includes six

10  counts. Count I(a) is a cause of action against the County Defendants under 42 U.S.C. § 1983 for

11  violation of Decedent's Eighth Amendment rights. Count I(b) is a cause of action against the

12  CFMG Defendants under § 1983 for violation of Decedent's Eighth Amendment rights. Count II

13  is a cause of action against all Defendants under § 1983 for violation of Plaintiffs' Fourteenth

14  Amendment rights. Count III is a cause of action against the County Defendants for failure to

15  summon medical care under California Government Code § 845.6. In Counts I(a), II, and III,

16  Sheriff Miller is sued only in his individual capacity. FAC ¶ 19. Count IV is a cause of action

17  against only the CFMG Defendants for medical malpractice, professional negligence, and

18  wrongful death. Count V is a cause of action against only the CFMG Defendants for failure to

19  train and supervise.

20  The CFMG Defendants filed an answer to the FAC on August 13, 2015. ECF No. 49.

21  The County Defendants filed the instant motion to dismiss on August 13, 2015. ECF No.

22  48. Plaintiffs filed an opposition on August 27, 2015, ECF No. 54, and Defendants filed a reply

23  on September 3, 2015, ECF No. 56.

24  **II. LEGAL STANDARD**

25  **A. Motion to Dismiss Under Rule 12(b)(6)**

26  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a

27  short and plain statement of the claim showing that the pleader is entitled to relief." A complaint

28

United States District Court
Northern District of California

5
Case No. 14-CV-05495-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

1   that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure

2   12(b)(6).  The U.S. Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough

3   facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

4   544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that

5   allows the court to draw the reasonable inference that the defendant is liable for the misconduct

6   alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a

7   probability requirement, but it asks for more than a sheer possibility that a defendant has acted

8   unlawfully." *Id*. (internal quotation marks omitted).  For purposes of ruling on a Rule 12(b)(6)

9   motion, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings

10  in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*,

11  519 F.3d 1025, 1031 (9th Cir. 2008).

12        However, a court need not accept as true allegations contradicted by judicially noticeable

13  facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and the "[C]ourt may look

14  beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6)

15  motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).

16  Nor is the court required to "'assume the truth of legal conclusions merely because they are cast in

17  the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per

18  curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).  Mere

19  "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to

20  dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678.

21  Furthermore, "a plaintiff may plead herself out of court" if she "plead[s] facts which establish that

22  [s]he cannot prevail on h[er] . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th

23  Cir. 1997).

24        **B.  Leave to Amend**

25        If the Court determines that the complaint should be dismissed, it must then decide

26  whether to grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave

27  to amend "should be freely granted when justice so requires," bearing in mind that "the underlying

28

United States District Court
Northern District of California

6

1    purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or

2    technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).  When dismissing

3    a complaint for failure to state a claim, "a district court should grant leave to amend even if no

4    request to amend the pleading was made, unless it determines that the pleading could not possibly

5    be cured by the allegation of other facts." *Id*. at 1130 (quoting *Doe v. United States*, 58 F.3d 494,

6    497 (9th Cir. 1995)).  Nonetheless, a court "may exercise its discretion to deny leave to amend due

7    to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure

8    deficiencies by amendments previously allowed, undue prejudice to the opposing party. . . , [and]

9    futility of amendment.'"  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir.

10    2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

11    **III.DISCUSSION**

12    Plaintiffs' FAC includes six counts.  Count I(a) is a cause of action against the County

13    Defendants under 42 U.S.C. § 1983 for violation of Decedent's Eighth Amendment rights.  Count

14    I(b) is a cause of action against the CFMG Defendants under § 1983 for violation of Decedent's

15    Eighth Amendment rights.  Count II is a cause of action against all Defendants under § 1983 for

16    violation of Plaintiffs' Fourteenth Amendment rights.  Count III is a cause of action against the

17    County Defendants for failure to summon medical care under California Government Code

18    § 845.6.  In Counts I(a), II, and III, Sheriff Miller is sued only in his individual capacity.  FAC

19    ¶ 19.  Count IV is a cause of action against only the CFMG Defendants for medical malpractice,

20    professional negligence, and wrongful death.  Count V is a cause of action against only the CFMG

21    Defendants for failure to train and supervise.

22    The County Defendants move to dismiss Counts I(a), II, and III of Plaintiffs' FAC as to the

23    County Defendants.  Because the County Defendants raise the same arguments for dismissal of

24    Counts I(a) and II, the Court begins by addressing those two counts together.  The Court then

25    discusses Count III.

26    **A.  Section 1983 Claims**

27    Count I(a) in Plaintiff's FAC is a claim brought under 42 U.S.C. § 1983 against the County

28

Case No. 14-CV-05495-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

United States District Court
Northern District of California

1    Defendants for deliberate indifference and supervisory liability.  FAC ¶¶ 50-60.  Sheriff Miller is

2    sued in his individual capacity only.  *Id.* ¶ 19.  Plaintiffs allege that "the County defendants

3    deliberately failed to promulgate, implement, or enforce an adequate policy, procedure, rule,

4    regulation, custom or practice, or deliberately failed to reasonably assure that the CFMG

5    defendants promulgated, implemented, and enforced an adequate policy, procedure, rule,

6    regulation, custom or practice, to reasonably assure that plaintiffs' decedent and other MCJ

7    inmates in the same or similar circumstances would not suffer foreseeable complications from

8    unstable and improperly regulated diabetes mellitus."  FAC ¶ 54.  Plaintiffs describe seven

9    specific policy oversights that Plaintiffs allege proximately caused Decedent's death:

10          (1) the failure to provide adequate medical staffing for the Monterey County Jail to

11   respond to complications from diabetes mellitus, *id.* ¶ 54A;

12          (2) the failure to provide for medical care that meets the standard of care for inmates with

13   diabetes mellitus, *id.* ¶ 54B;

14          (3) the failure to provide for "the timely transfer of inmates suffering a diabetic crisis to an

15   acute care hospital for emergency treatment," *id.* ¶ 54C;

16          (4) the failure to provide for "regular and comprehensive medication monitoring for

17   inmates with unstable diabetes mellitus to avoid iatrogenic glipizide-induced hypoglycemia," *id.*

18   ¶ 54D;

19          (5) the failure to "provide for mandatory monitoring and adjustment of the psychotropic

20   medications taken by inmates" so as not to impair the inmate's "level of consciousness or

21   judgment as to whether to accept or refuse potentially life-saving medical treatment," *id.* ¶ 54E;

22          (6) the failure to assure an adequate response, including examination by a medical doctor

23   and immediate transfer to a hospital, to an inmate who exhibits "objective signs of a rapidly

24   deteriorating medical condition," *id.* ¶ 54F; and

25          (7) the failure to affirmatively require that inmates with a serious medical condition "be

26   attended to and treated by competent and qualified medical personnel" or immediately transferred

27   to a hospital, *id.* ¶ 54G.

28
United States District Court
Northern District of California

8
Case No. 14-CV-05495-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

1      Count II in Plaintiff's FAC is a section 1983 claim against all Defendants for deprivation

2  of Plaintiffs' substantive due process liberty interest in their parent-child relationship with

3  Decedent.  FAC ¶¶ 73-78.  Count II is premised on the same deliberate indifference and

4  supervisory liability allegations as Count I(a).  Sheriff Miller is sued only in his individual

5  capacity in Count II.

6      Deliberate indifference to serious medical needs violates the Eighth Amendment's

7  proscription against cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104

8  (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by*

9  *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A

10  determination of "deliberate indifference" involves an examination of two elements: the

11  seriousness of the prisoner's medical need and the nature of the defendant's response to that need.

12  *See McGuckin*, 974 F.2d at 1059.

13      A prison official is deliberately indifferent if she or he knows that a prisoner faces a

14  substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate

15  it.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of

16  facts from which the inference could be drawn that a substantial risk of serious harm exists," but

17  he or she "must also draw the inference."  *Id.*  "Prison officials are deliberately indifferent to a

18  prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical

19  treatment. . . . Mere negligence in diagnosing or treating a medical condition, without more, does

20  not violate a prisoner's Eighth Amendment rights."  *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th

21  Cir.2000) (citation omitted); *see Farmer,* 511 U.S. at 835–36 & n.4, 114 S.Ct. 1970 (recognizing

22  that neither negligence nor gross negligence will constitute deliberate indifference).

23      "Substantive due process protects individuals from arbitrary deprivation of their liberty by

24  government."  *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006).  "Parents and children may

25  assert Fourteenth Amendment substantive due process claims if they are deprived of their liberty

26  interest in the companionship and society of their child or parent through official conduct."

27  *Lemire v. Cal. Dept. Corrections & Rehabilitation*, 726 F.3d 1062, 1075 (9th Cir. 2013).  The

28

United States District Court
Northern District of California

9
Case No. 14-CV-05495-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

1    Ninth Circuit has stated that "to establish a constitutional violation based on substantive due

2    process, [a plaintiff] must show both a deprivation of her liberty and conscience-shocking

3    behavior by the government." *Id.*  "Just as the deliberate indifference of prison officials to the

4    medical needs of prisoners may support Eighth Amendment liability, such indifference may also

5    rise to the conscience-shocking level required for a substantive due process violation." *Lemire*,

6    726 F.3d at 1075.

7          The County Defendants concede that Decedent had a serious medical need.  ECF No. 48 at

8    10.  However, the County Defendants contend that Plaintiffs have not alleged facts that would

9    support holding either Sheriff Miller or the County liable for deliberate indifference.  The Court

10   addresses each Defendant separately.

11              **1.  Sheriff Miller**

12         The County Defendants move to dismiss Counts I(a) and II against Sheriff Miller, arguing

13   that Plaintiffs have not plead sufficient facts to support the inference that Sheriff Miller was

14   deliberately indifferent to Decedent's medical needs or that Sheriff Miller can be held liable as a

15   supervisor.  ECF No. 48 at 6.

16         A plaintiff may state a claim under § 1983 against a supervisor for deliberate indifference.

17   *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011).  "A defendant may be held liable as a supervisor

18   under § 1983 if there exists either (1) his or her personal involvement in the constitutional

19   deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and

20   the constitutional violation."  *Id*. at 1207 (citation omitted).  "A supervisor can be liable in his

21   individual capacity for his own culpable action or inaction in the training, supervision, or control

22   of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that

23   showed a reckless or callous indifference to the rights of others."  *Id*. at 1208 (quoting *Watkins v.*

24   *City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998)).  Additionally, "[s]upervisory liability

25   exists even without overt personal participation in the offensive act if supervisory officials

26   implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is

27   the moving force of the constitutional violation."  *Redman v. Cnty. San Diego*, 942 F.2d 1435,

28

United States District Court
Northern District of California

10
Case No. 14-CV-05495-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

1446 (9th Cir. 1991), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994).

In California, the sheriff is required by statute to "take charge of and be the sole and exclusive authority to keep the county jail and the prisoners in it." Cal. Gov. Code § 26605; *Redman*, 942 F.2d at 1446. In *Redman*, the Ninth Circuit held that a county sheriff in California could be found to have been deliberately indifferent where the sheriff "knew or reasonably should have known of the overcrowding at a facility under his administration and . . . he acquiesced in a deficient policy that was a moving force" behind the prisoner's alleged constitutional violation. *Redman*, 942 F.2d at 1447-48. Similarly, in *Starr*, the Ninth Circuit held that a sheriff's "knowledge of the unconstitutional conditions in the jail, including his knowledge of the culpable actions of his subordinates, coupled with his inaction, amounted to acquiescence in the unconstitutional conduct of his subordinates." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011).

In the instant case, Plaintiffs have alleged that Sheriff Miller knew since at least 2007 that "health care and mental health services provided to inmates with serious medical needs at [the Monterey County Jail] was inadequate and resulted in needless harm to inmates." FAC ¶ 23. Plaintiffs further allege that in November 2013, the same month as the events leading to Decedent's death, Sheriff Miller knew that overcrowding at the jail resulted in inadequate provision of health care to inmates; that the inadequate health care was particularly harmful to inmates with serious medical conditions; that nurses at the jail's infirmary did not consistently consult a physician when dealing with an inmate's medical emergency; and that the jail's health care services did not meet the standard of care for inmates with diabetes mellitus. *Id.* ¶ 24. Despite his knowledge of the inadequacies of the jail's health care system, Plaintiffs allege that Sheriff Miller did not adopt policies to ameliorate the health care provided to inmates, including Decedent, who had known chronic serious medical conditions. *Id.* ¶ 53-54. Plaintiffs allege that Monterey County Jail's deficient policies regarding inmate health care led to the improper management of Decedent's diabetes, an inadequate response to his medical emergency in November 2013, and ultimately to his death. *Id.* ¶¶ 54-59.

Taken together, Plaintiffs have alleged that Sheriff Miller knew that the health care

11

Case No. 14-CV-05495-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

United States District Court
Northern District of California

1    services at the Monterey County Jail were harmful to patients with chronic medical conditions like

2    diabetes mellitus, that Sheriff Miller knew that Decedent suffered from diabetes mellitus, and that

3    Sheriff Miller nevertheless acquiesced in deficient policies for the provision of health care to

4    inmates.  As in *Redman* and *Starr*, these allegations of Sheriff Miller's acquiescence in the

5    deficient policies at the Monterey County Jail are sufficient to allege a cause of action against

6    Sheriff Miller in his individual capacity for deliberate indifference to Decedent's serious medical

7    condition.

8        The County Defendants cite *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004), for the

9    proposition that a "non-medical prison official will generally be justified in believing that the

10   prisoner is in capable hands" when the "prisoner is under the care of medical experts."  *Spruill* is

11   inapposite.  In contrast with the instant case, the *Spruill* plaintiff did not allege that the prison had

12   deficient policies for the provision of health care to inmates generally.  Instead, the *Spruill*

13   plaintiff alleged deliberate indifference by non-medical prison officials for ignoring specific

14   complaints by one individual prisoner that he was physically unwell when that prisoner was

15   contemporaneously under the care of the prison's medical experts for those same complaints.  *Id.*

16   *Spruill* held that this was not deliberate indifference because the non-medical prison officials were

17   justified in trusting that the medical experts were providing appropriate care.  *Id.*  Notably, the

18   plaintiff in *Spruill* did not allege that the non-medical prison official had any reason to know that

19   the care provided by the prison's medical experts would be inadequate.  *Id.*  The court in *Spruill*

20   explicitly stated that its holding may not apply if the non-medical prison officials had "a reason to

21   believe (or actual knowledge) that prison doctors or their assistants [were] mistreating (or not

22   treating) a prisoner."  *Id.*

23       By contrast, the Plaintiffs in this case allege that Sheriff Miller was deliberately indifferent

24   by acquiescing in health care policies for inmates that Sheriff Miller knew systematically resulted

25   in harm to many inmates, including inmates who were receiving care from the jail's medical

26   experts.  Plaintiffs therefore have alleged that Sheriff Miller had "a reason to believe (or actual

27   knowledge) that prison doctors or their assistants [were] mistreating (or not treating)" Decedent.

28
12
Case No. 14-CV-05495-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

1    *Id.* Consequently, *Spruill* does not apply, and Sheriff Miller can be held individually liable for his

2    acquiescence in the Monterey County Jail's deficient health care policies.  *See Redman*, 942 F.2d

3    at 1447-48 (finding deliberate indifference where the sheriff "knew or reasonably should have

4    known of the overcrowding at a facility under his administration and . . . he acquiesced in a

5    deficient policy that was a moving force" behind the prisoner's alleged constitutional violation).

6           Therefore, the Court DENIES the County Defendants' motion to dismiss Counts I(a) and II

7    as to Defendant Sheriff Miller.

8           **2.   Monterey County**

9           The County Defendants also move to dismiss Counts I(a) and II against the County and

10   argue that Plaintiffs have failed to allege any specific conduct by the County that was deliberately

11   indifferent to Decedent's serious medical condition.  ECF No. 48 at 9-10.  The County Defendants

12   argue that Plaintiffs instead have alleged only a "formulaic recitation of the elements of a cause of

13   action."  ECF No. 48 at 9.

14          Local governments such as the County may be sued directly under § 1983.  *Monell v.*

15   *Dep't Soc. Servs. of N.Y.C.*, 436 U.S. 658, 689 (1978).  A plaintiff can establish local government

16   liability in one of the following three ways.  "First, the plaintiff may prove that a city employee

17   committed the alleged constitutional violation pursuant to a formal government policy or a

18   longstanding practice or custom which constitutes the standard operating procedure of the local

19   governmental entity."  *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992) (citing *Jett v.*

20   *Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989); *Monell*, 436 U.S. at 690-91).  "Second, the

21   plaintiff may establish that the individual who committed the constitutional tort was an official

22   with final policy-making authority and that the challenged action itself thus constituted an act of

23   official governmental policy."  *Id.* (citing *Pembuar v. City of Cincinnati*, 475 U.S. 469, 480-81

24   (1986); *McKinley v. City of Eloy*, 705 F.2d 1110, 1116 (9th Cir. 1983)).  State law determines

25   whether a particular official has final policy-making authority.  *Id.*  "Third, the plaintiff may prove

26   that an official with final policy-making authority ratified a subordinate's unconstitutional

27   decision or action and the basis for it."  *Id.* (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112,

28

United States District Court
Northern District of California

13

Case No. 14-CV-05495-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

1    123-24 (1988); *Hammond v. Cnty. of Madera*, 859 F.2d 797, 801-02 (9th Cir. 1988)).

2           In the instant case, Plaintiffs argue that they have alleged the County's liability through the

3    second of the three above methods by alleging that "the individual who committed the

4    constitutional tort was an official with final policy-making authority and that the challenged action

5    itself thus constituted an act of official governmental policy." *See* ECF No. 54 at 10-11; *Gillette*,

6    979 F.2d at 1346. Plaintiffs allege that, under California law, Sheriff Miller was the "official with

7    final policy-making authority." ECF No. 54 at 11; FAC ¶ 56; *see also* Cal. Gov. Code § 26605

8    (the county sheriff is required to "take charge of and be the sole and exclusive authority to keep

9    the county jail and the prisoners in it."). As previously discussed, Plaintiffs adequately allege that

10   Sheriff Miller was deliberately indifferent to Decedent's serious medical condition through his

11   acquiescence to the Monterey County Jail's inadequate health care policies despite his knowledge

12   that the policies resulted in unnecessary harm to inmates, including Decedent, with known chronic

13   medical conditions. *See* FAC ¶¶ 52-55. Because Plaintiffs allege that this deliberately indifferent

14   acquiescence was committed by the Sheriff, who is the final policy-making authority for the

15   Monterey County Jail, Plaintiffs have alleged that the failure to remedy the Monterey County

16   Jail's inadequate health care policies was an act of official governmental policy. *See Gillette*, 979

17   F.2d at 1346. Thus, Plaintiffs have stated a cause of action against the County for § 1983

18   purposes.

19          The Court therefore DENIES the County Defendants' motion to dismiss Counts I(a) and II

20   as to the County.

21          **B. California Government Code Section 845.6 Claim**

22          Count III alleges that the County Defendants violated California Government Code § 845.6

23   for failure to summon medical care. FAC ¶¶ 79-85.

24          The Court previously dismissed Plaintiffs' claim for negligent supervision and wrongful

25   death under § 845.6 because the Plaintiffs "failed to allege any specific facts showing that a public

26   employee, acting within the scope of his or her employment, failed to take reasonable action to

27   summon medical care." *Resendiz v. Cnty. of Monterey*, No. 14-CV-05495-LHK, 2015 WL

28

*United States District Court*
*Northern District of California*

14

Case No. 14-CV-05495-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

1    3988495, at *8 (N.D. Cal. June 30, 2015).  Plaintiffs did not identify any employee who allegedly

2    failed to summon medical care and did not explain when that employee should reasonably have

3    summoned medical care.  The Court granted Plaintiffs leave to amend but cautioned Plaintiffs that

4    failure to cure the deficiencies in the complaint would result in a dismissal with prejudice.  *Id.* at

5    *9.

6          In the FAC, Plaintiffs now allege that numerous unidentified custodial employees of the

7    Monterey County Jail observed Decedent's condition in the infirmary and "knew or should have

8    known of his need for immediate medical care, but failed to summon immediate medical care or

9    report that need for immediate medical care."  FAC ¶ 81.  Plaintiffs additionally allege that the

10   County Defendants had a duty "to adequately train and supervise their custodial jail personnel to

11   summon immediate medical care for an inmate when necessary" but that the County Defendants

12   breached that duty.  FAC ¶¶ 82-83.

13         Under California Government Code § 845.6, public entities and public employees are

14   generally not "liable for injury proximately caused by the failure of the employee to furnish or

15   obtain medical care for a prisoner in his [or her] custody."  Cal. Gov't Code § 846.5.  Public

16   entities and public employees are liable for injuries proximately caused to prisoners where: (1)

17   "the employee is acting within the scope of his [or her] employment," (2) "the employee knows or

18   has reason to know that the prisoner is in need of immediate medical care," and (3) "he [or she]

19   fails to take reasonable action to summon such medical care."  *Id*.

20         However, once an inmate is receiving medical care, § 845.6 does not create a duty to

21   provide adequate or appropriate care.  *Watson v. California*, 21 Cal. App. 4th 836, 841–843 (Ct.

22   App. 1993).  It is not a violation of § 845.6 to fail "to provide further treatment, or to ensure

23   further diagnosis or treatment, or to monitor [the prisoner] or follow up on his progress."

24   *Castaneda v. Dep't Corrs. & Rehab.*, 212 Cal. App. 4th 1051, 1072 (2013).  California courts

25   have held that § 845.6 does not impose an obligation to provide necessary medication or

26   treatment, *Nelson*, 139 Cal. App. 3d at 81, nor does the duty to summon immediate medical care

27   pursuant to § 845.6 encompass a duty to assure that medical staff properly diagnose and treat the

28

15

Case No. 14-CV-05495-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1    condition or a duty to monitor the quality of care provided.  *Watson*, 21 Cal. App. 4th at 841–843.

2    Thus, once a prisoner is receiving medical care, prison employees are under no further obligation

3    under § 845.6.

4          Additionally, prison officials may be liable for their employees' failure to summon medical

5    care.  California Government Code § 845.6 permits claims against such prison officials for

6    negligent supervision and training.  *See Resendiz*, 2015 WL 3988495, at *8 ("[T]he Court

7    concludes that Plaintiffs may state claims for negligent supervision and wrongful death pursuant to

8    Cal. Gov't Code § 845.6.").  To do so, however, Plaintiffs still must allege facts showing that "a

9    public employee, acting within the scope of his or her employment, failed to take reasonable

10   action to summon medical care."  *Id.*

11         In the FAC, the only public employees who Plaintiffs allege failed to summon medical

12   care were "members of the County defendants' jail custody staff . . . [who] were present in or near

13   the [jail infirmary], heard the [infirmary] nurses' conversations, saw their actions or failures to act,

14   observed [Decedent], and knew or should have known of his need for immediate medical care, but

15   failed to summon immediate medical care or report that need for immediate medical care to the

16   chain-of-command."  FAC ¶ 81.  However, Plaintiffs allege that when Decedent's condition first

17   worsened on the morning of November 9, 2013, Decedent was transferred to the Monterey County

18   Jail infirmary where he was attended to by the infirmary nurses.  FAC ¶ 37.  At that point,

19   Decedent was receiving medical care from the nurses in the infirmary, albeit medical care that

20   Plaintiffs allege was inadequate.  Thus, at the time that Plaintiffs allege that the janitors should

21   reasonably have summoned medical care, Decedent was already receiving medical care in the jail

22   infirmary.

23         California case law does not provide that any prison employee—let alone a janitor—has an

24   obligation under § 845.6 to ensure that a prisoner receives adequate or appropriate care once the

25   prisoner is receiving medical care.  *See Castaneda*, 212 Cal. App. 4th at 1072 (holding that there is

26   no duty under § 845.6 "to provide further treatment, or to ensure further diagnosis or treatment, or

27   to monitor [plaintiff] or follow up on his progress").  California case law does not even require

28
                                            16

1    that a medical caregiver give appropriate or further treatment under § 845.6, let alone impose such

2    a requirement on a janitor who is only cleaning in the infirmary. *See Watson*, 21 Cal. App. 4th at

3    841–843 (no duty under § 845.6 to assure that medical staff properly diagnose and treat the

4    condition or to monitor the quality of care provided).

5    Therefore, because Plaintiffs cannot show that the janitors failed to take reasonable action

6    to summon medical care once Decedent was already in the jail's infirmary, Plaintiffs cannot state a

7    claim for negligent supervision and training under § 845.6. *See Resendiz*, 2015 WL 3988495, at

8    *8 (Plaintiffs must identify a public employee who failed to reasonably summon medical care in

9    order to state a claim for negligent supervision and training under § 845.6). Accordingly, the

10   Court GRANTS the County Defendants' motion to dismiss Count III.

11   In its order granting the County Defendant's previous motion to dismiss, the Court

12   cautioned Plaintiffs that failure to cure the deficiencies in Plaintiffs' § 845.6 claim would result in

13   a dismissal with prejudice. As Plaintiffs have again failed to state a claim against the County

14   Defendants under § 845.6, the Court concludes that further amendment would be futile and the

15   claim shall be dismissed with prejudice. *See Carvalho*, 629 F.3d at 892–93 (a court "may exercise

16   its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of

17   the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

18   prejudice to the opposing party. . . , [and] futility of amendment.'" (alterations in original))

19   **IV. CONCLUSION**

20   For the foregoing reasons, the Court DENIES the County Defendants' motion to dismiss as

21   to Count I(a) and Count II. The Court GRANTS the County Defendants' motion to dismiss Count

22   III with prejudice.

23   **IT IS SO ORDERED.**

24

25   Dated: November 13, 2015

26   *Lucy H. Koh*
                                                    LUCY H. KOH
27                                                  United States District Judge

28
                                                    17
     Case No. 14-CV-05495-LHK
     ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

United States District Court
Northern District of California